[No. 4569.]

## J. H. CARPENTER v. W. C. GANN.

DEED FOR LAND SOLD FOR TAXES.—If the statute directs the officer who sells land under a judgment for delinquent taxes, to sell the smallest quantity that any purchaser will take and pay the judgment for the tax and and costs, a deed of the officer who made the sale, which recites that he has sold the premises to the grantee who was the highest bidder therefor, is void and conveys no title.

APPEAL from the District Court, Fifth Judicial District, County of Stanislaus.

Defendant Gann was the owner of the fractional south half of section nineteen, township five south, range nine east, Mount Diablo base and meridian. The land was assessed for the fiscal year 1868, and the tax was eleven dollars and thirty-eight cents. Gann failed to pay the same, and, on the 15th day of February, 1869, suit was commenced to enforce the lien of the tax, in which Gann was defendant. On the 25th day of June, 1869, judgment was rendered directing a sale of the land by the sheriff to satisfy the lien. On the 25th day of June, 1870, the sheriff sold, and A. Hewell became the purchaser, and, on the 12th day of September, 1870, received a sheriff's deed. On the 11th day of June, 1870, Gann sold the land to the plaintiff for the sum of nine hundred dollars, and executed a deed in which he covenanted that the premises were free from all incumbrances done, made or suffered by him or any person claiming under him. The plaintiff entered into possession of the premises under the deed and continued in possession until the 16th day of July, 1873, when he was dispossessed by the sheriff by virtue of a writ of restitution issued on the judgment enforcing the lien of the tax, and Hewell was placed in possession. The plaintiff then brought this suit to recover damages for

a violation of the covenant in Gann's deed to him. The plaintiff recovered judgment for nine hundred dollars and interest. The defendant appealed.

*Terry & McKinne,* for the Appellant.

*Schell & Scrivener,* for the Respondent.

By the Court:

The deed delivered by the sheriff to Hewell upon the sale under the judgment of June 25, 1869, recited that he had sold the premises therein described at public auction to Hewell, who was the highest bidder therefor. The proceedings resulting in the deed were founded on the forty-fifth section of the act of 1861, entitled, "An Act to provide revenue for the government of this State." In that section the following proviso occurs: "*Provided,* that the sheriff, in selling said property, shall only sell the smallest quantity that any purchaser will take and pay the judgment and all costs," and this proviso operates a limitation upon the authority of the officer to make the sale. It was so held by the Supreme Court of the United States in the case of *French* v. *Edwards,* where a sheriff's deed, made under this statute, and in all respects like the deed now under consideration, was held to be void. (13 Wallace, 511.)

Judgment reversed and cause remanded.

The cause having been argued and submitted in the absence of counsel for respondent, a reargument was ordered by consent; and upon the reargument the judgment was reversed and the foregoing opinion ordered to stand as the opinion in the case.