[Sac. No. 111.   Department One.—April 23, 1897.]

CATHERINE McGRATH, Appellant, *v.* MARY A. WALLACE, Respondent.

Quieting Title—Reliance by Plaintiff upon Title—Conveyance of Grantor to Third Party.—In an action to quiet title to land against a defendant in possession, where the plaintiff counts upon title alone, the plaintiff can prevail only on the strength of his own title; and where the plaintiff deraigns title by conveyance from a grantor subsequent to a conveyance made by such grantor to a third party, and not through such third party, the plaintiff can derive no support from the title of such grantor, whether it be valid or invalid.

Taxation — Void Sale — Insufficient Return of Sheriff.— A sale of land for city taxes for the year 1863–64, made by a sheriff under a judg-

ment and decree of sale therefor, is void, where the return of the sher-
iff contained nothing to show that the amount bid was the sum of the
judgment and costs, and that the sale of the whole parcel was neces-
sary to raise such amount.

Id.—Lapse of Period for Redemption—Void Order Amending Sher-
iff's Return—Jurisdiction.—After the lapse of the period allowed
by law for redemption from a tax sale, the court has no jurisdiction to
allow the sheriff to amend his return, so as·to make valid an otherwise
invalid sale, and deprive the owner of his right to redeem, he having
had the right to rely upon the invalidity of the return in failing to re-
deem from the sale; and an order thereafter made allowing such amend-
ment is void.

Appeal from a judgment of the Superior Court of
Sacramento County and from an order denying a new
trial.   Matt. F. Johnson, Judge.

The facts are stated in the opinion of the court ren-
dered upon the former appeal, 85 Cal. 622, and in the
opinion rendered upon this appeal.

*Clinton L. White,* for Appellant.

Courts should exercise great liberality in allowing
sheriffs to amend their returns so as to make them con-
form to the true state of facts and to correct errors and
mistakes.   (*Gavitt* v. *Doub,* 23 Cal. 78.)   The purchaser
is not bound by the return made by the sheriff, but the
sheriff having made and voluntarily delivered deeds
which contain full recitals showing that the sale was
made in all respects as required by law, the purchaser
could rely upon it.   His title rests on the judgment,
execution, sale, and deed.   (*Cloud* v. *Eldorado County,*
12 Cal. 128; 73 Am. Dec. 526; *Blood·*v. *Light,* 38 Cal.
649; 99 Am. Dec. 441; *Mayo* v. *Foley,* 40 Cal. 281; *Reeve*
v. *Kennedy,* 43 Cal. 643; *Clark* v. *Lockwood,* 21 Cal. 224.)
The principles applicable to other judicial sales are ap-
plicable to sales under judgments enforcing liens for
taxes.   (*Jones* v. *Gillis,* 45 Cal. 541.)

*R. B. Wallace, Frank D. Ryan,* and *J. D. Devine,* for
Respondent.

The want of title in the plaintiff renders it unneces-
sary to examine the title of the defendant.   (*San Fran-*

cisco v. *Ellis*, 54 Cal. 72; *Cranmer* v. *Porter*, 41 Cal. 466; *McGrath* v. *Wallace*, 85 Cal. 626; *Willson* v. *Cleaveland*, 30 Cal. 201.) Both of the tax sales relied on by appellant, upon the face of the original returns made on the decrees and filed with the judgment-roll by the sheriff were absolutely void, because they affirmatively showed that the realty was sold in one parcel, and not to the person who would take the smallest or least quantity and pay the judgment and costs, as the statute in force at the time of the sales directed. (*Hewell* v. *Lane*, 53 Cal. 213; *Reynolds* v. *Lincoln*, 71 Cal. 183; *Carpenter* v. *Gann*, 51 Cal. 193; *Frink* v. *Roe*, 70 Cal. 296; *French* v. *Edwards*, 13 Wall. 506; Stats. 1861, p. 432; Stats. 1862, p. 520.) The amended return, made without notice to parties in interest, could not affect rights of third parties intervening and acquired between the time of void sale and attempted cure. (*French* v. *Edwards*, 5 Saw. 274; *Newhall* v. *Provost*, 6 Cal. 85; *Webster* v. *Haworth*, 8 Cal. 25; 68 Am. Dec. 287; Blackwell on Tax Titles, p. 359; *Jaquith* v. *Putney*, 48 N. H. 138; *Means* v. *Osgood*, 7 Greenl. 147; *O'Conner* v. *Mullen*, 11 Ill. 116; *Dunham* v. *Chicago*, 55 Ill. 357.) The proposition advanced by counsel for appellant, that the purchaser at a judicial tax sale is not bound by the return of the officer, but that his title rests on the judgment, execution, sale, and deed, is untenable. (*French* v. *Edwards, supra.*)

BRITT, C.—Action to quiet title to a parcel of land in the city of Sacramento. On a former appeal it was held that plaintiff's claim of title by adverse possession was not supported by the facts, and a judgment in her favor was reversed. (*McGrath* v. *Wallace*, 85 Cal. 622.) Upon a new trial the plaintiff relied on certain tax titles; it appeared that on December 26, 1864, there was a sale of the land in controversy under decree of the former district court, for street taxes levied by the city in the year 1863; and again, on September 25, 1865, the land was sold under a similar decree for city taxes levied for the fiscal year 1863–4. Said decrees respectively were en-

tered in actions, prosecuted in the name of the people, against the owner—now the defendant here—and the land itself, to subject the land to sale for the taxes delinquent thereon. No question is made as to the relative value of the tax liens declared by the two decrees, or as to the effect of the second sale upon the former. At the tax sale of December 26, 1864, three persons— Turton, Knox, and Ryan—were joint purchasers, and whatever interest they acquired passed afterward to plaintiff. At the sale of September 25, 1865, one Mayo became the purchaser; in 1875 he made a deed of grant of the premises to one Reeves, which was duly recorded; and subsequently, on March 28, 1878, Mayo quitclaimed the same property to plaintiff.

The sheriff's return of the sale of December 26, 1864, was indorsed upon a certified copy of the decree, and was filed January 20, 1865; it set forth that the sheriff levied on the property described, and after notice according to law, sold the same, at a time and place specified, to Turton, Knox, and Ryan for the sum of two hundred and ten dollars and eight cents. By an order made April 15, 1878, the court granted leave to the ex-sheriff, who while in office, had made such sale, to amend the return by showing that the whole of the land was the least quantity which any person would take and pay the judgment and costs, amounting to two hundred and ten dollars and eight cents, which was the sum bid, etc.; thus amended, the return would exhibit compliance with the statutes in force at the time of the sale governing the procedure in that behalf. (Stats. 1861, p. 435; Stats. 1862, p. 523.) It may be assumed that the return was amended accordingly; and on April 18, 1878, the ex-sheriff executed a deed of the land to Turton, Knox, and Ryan, reciting as facts the matters which, by the said order of April 15th, he had been authorized to insert in his return.

Since plaintiff can prevail in this action only on the strength of her own title (*Heney* v. *Pesoli,* 109 Cal. 53), and since she deraigns by a conveyance from Mayo

subsequent to his deed of grant to Reeves, and not through the latter at all, it is obvious that her claims derive no support from the title of Mayo founded on the tax sale of 1865, whether that sale was valid or invalid.

As the return made by the sheriff of the sale of 1864 contained nothing to show that the amount bid was the sum of the judgment and costs, and that the sale of the whole parcel was necessary to raise such amount, it reported a void sale; it was certainly no better than a return that he had sold the entire tract to the highest bidder, and this has been several times held to show that the sale was void. (*Hewell* v. *Lane,* 53 Cal. 216; *Reynolds* v. *Lincoln,* 71 Cal. 183, 185; *French* v. *Edwards,* 13 Wall. 506.) The question, then, is upon the effect of the order allowing the sheriff to amend his return. This question arose and was elaborately examined in *French* v. *Edwards,* above cited, in the later stages of that case before the federal circuit court for this district, to which it was remanded by the decision in 13 Wallace. The learned circuit judge enlarged upon the considerations that, under the statute of California, the owner of real estate sold pursuant to a judgment for taxes, had a right of redemption exercisable within six months from the time of sale; that the certified copy of the decree, which was the sheriff's warrant for the sale, with his return indorsed, became part of the authentic public record of the proceedings for the information and security of all persons interested therein; that if the owner relied, as he had the right to do, upon the information thus conveyed, he might justly conclude that the sale was void, and redemption unnecessary; and that if, years afterward, the ex-sheriff can amend his return, and so validate an otherwise invalid sale, the owner is deprived of his right to redeem, and subjected to legal fraud. The difference between such a case and those in which a defective return of process, such as a summons, is allowed to be amended, was pointed out, and the conclusion was that the amendment of the return, " under the

conditions of the case, so as to cut off the right of re-
demption, was not made in furtherance of justice, and
was not authorized by law." (*French* v. *Edwards*, 5
Saw. 266.) These views, as applied to the facts before
the court—which were almost identical with those in
the case here—are consonant with the general rules for
the construction of statutes which look to the divesting
of titles by means of a tax sale; they seem also to ac-
cord with the tendency of the decisions in this court
touching the general subject. (Compare, besides the
cases above cited, *Carpenter* v. *Gann*, 51 Cal. 193; *New-
hall* v. *Provost*, 6 Cal. 86.)

The judgment and order appealed from should be
affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the
judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.