(37 App. Div. 536.)

### WALKER v. EDWARD THOMPSON CO

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

AUTHOR'S CONTRACT WITH PUBLISHER—CONSTRUCTION.

A contract with plaintiff for the contribution of an article for a work, published by defendant, reserved the right to reject it providing defendant did not consider it up to the proper standard. *Held*, that defendant could reject the article if not satisfactory to him, unless such rejection was with fraudulent intent.

Appeal from trial term, New York county.

Action by Gertrude Walker against the Edward Thompson Company. From a judgment entered on sustaining a motion to dismiss the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

H. H. Walker, for appellant.
John L. Hill, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages on a written contract made between the defendant and one Herbert H. Walker, and assigned by said Walker to the plaintiff, wherein the said Walker agreed to write an article on "False Representations and Deceit," for a work which the defendant was publishing, called "Pleading and Practice." The complaint set out the contract, which contained, among other things, the following clause:

"The publishers reserve to themselves the right to reject the contribution provided they do not consider it up to the proper standard. The further right is reserved to make such editorial changes in the manuscript as are deemed necessary. This right extends to the rejection of any portion of the manuscript. If additions are made to the article by the publishers' editorial staff, the contributor is to receive no compensations for such additions. If, in the opinion of the publishers, alterations or changes in the manuscript are deemed necessary to make the article conform to the required standard, either in form or substance, and it is thought by them expedient to have such alterations

or changes made under their immediate supervision, by members of their editorial staff, the cost of such changes or alterations is to be deducted from the amount which otherwise would be due the contributor." .

And also a further provision as follows:

"The contributor agrees that the publishers shall become the sole owners of the copyright, and no right to republication of the contribution in the same form or with alteration is reserved to the contributor."

The complaint further alleged performance by Walker of his part of the contract, and that the defendant rejected the article written by him, returned the same, and refused to pay therefor; and, further, that said article, when delivered, was fully equal in form and merit to any of the articles published by the defendant in its said work; and that said article was rejected by the defendant without reasonable cause.

The defendant answered, admitting the contract, and denying performance upon the part of said Walker. The answer admitted the receipt of an article from Walker, that it was returned, and that defendant refused to pay therefor, and, for a further and separate defense, alleged, among other things, that the article was rejected by the defendant because it did not consider same to be up to the proper standard referred to in the contract.

The case coming on to be heard, a motion was made by the defendant to dismiss the complaint, upon the ground that it failed to set forth facts sufficient to constitute a cause of action. This motion was granted, and an exception was duly taken; and, from the judgment thereupon entered, this appeal is taken.

The appellant claims that the complaint was wrongfully dismissed, because there was nothing showing that the respondent rejected the article on the ground that it did not consider same up to the proper standard; and, further, that the respondent had no right to reject the article if the same was not thought up to the proper standard; that that was a question to be determined upon the proofs which were offered upon the trial. We think, however, that the case comes within the rule where the right to reject existed, unless, perhaps, such rejection was with a fraudulent intent. The defendant was the publisher of a book, for which it was seeking contributions. The contract showed that it intended to have the absolute control of all such contributions, and, further, that it reserved to itself the absolute right to reject any contributions. As the work was to be published over its name, it was responsible for its merit; and it, only, could determine whether the contributions were of such a character as they desired to adopt and publish.

The cases cited by the counsel for the appellant—such as Boiler Co. v. Garden, 101 N. Y. 387, 4 N. E. 749; Folliard v. Wallace, 2 Johns. 395; City of Brooklyn v. Brooklyn City R. Co., 47 N. Y. 475; and Miesell v. Insurance Co., 76 N. Y. 115—do not, in any respect, apply to the contract in question. The case of Boiler Co. v. Garden related to a contract in respect to alterations to certain boilers, which were "to be paid for as soon as we are satisfied that the boilers as changed are a success." Here, of course, was a mechanical contrivance, which was intended to perform certain work; and it could

be easily ascertained whether the boilers, after the repairs, were capable of doing the work, or not. The case of Folliard v. Wallace involved a question in respect to the title of certain real estate. The well-settled rules of law control the question as to whether the party should be satisfied with the title, or not. The case of City of Brooklyn v. Brooklyn City R. Co. related to a contract providing for the keeping of certain streets in repair; and, as to all that class of cases where an architect's certificate is required before payment for work can be demanded, it has been expressly held that such certificate cannot be arbitrarily refused. The case of Miesell v. Insurance Co. was an action upon a policy of life insurance, and the question was in regard to the certificate which had been furnished to the insurance company; and the court expressly refused to pass upon the question as to whether the company could arbitrarily reject the certificate. They say: "It is needless to consider whether the proposition of the assured included the condition that the certificate should be satisfactory to the defendant."

The defendant in this case was publishing this work over its own name. Its reputation was at stake. It had reserved to itself the absolute right to reject contributions; and the whole of the contract shows that it intended to, and did, reserve to itself the right to treat the articles of contributors as it might see fit. The article was intended to be a literary production, which the publisher of the book was to adopt and publish as its own; and it was for it to determine whether it was willing to have the contribution form part of its work, or not. An article in a legal work is certainly as much a matter of taste as a suit of clothes. It was held in Brown v. Foster, 113 Mass. 136, that, where a suit of clothes was to be made to the satisfaction of the employer, he might arbitrarily reject the same.

We are of opinion that the judgment should be affirmed, with costs. All concur; PATTERSON, J., in result.