[Civ. No. 1154. Third Appellate District.—April 22, 1914.]

## E. E. JAQUES et al., Appellants, v. BOARD OF SUPERVISORS OF THE COUNTY OF YUBA et al., Respondents.

CORPORATIONS—DE FACTO CORPORATION—WHAT CONSTITUTES.—A corporation is recognized as *de facto* when a number of persons have organized and acted as a corporation; have conducted their affairs, to some extent at least, by the methods and through the offices usually employed by corporations; and have assumed the appearance, at least, of the counterfeit presentment of a legal, corporate body.

ID.—DEFINITION—MEANING OF DE FACTO.—*De facto* means in law, as well as elsewhere, of fact; in deed; in point of fact; actually; really.

ID.—RECLAMATION DISTRICT—WHEN AMOUNTS TO DE FACTO CORPORATION.—The reclamation district involved in this case possesses these three requisites of a *de facto* corporation: a charter or general law under which such a corporation as it purports to be might lawfully be organized, an attempt to organize thereunder, and the actual user of the corporate franchise.

ID.—JUDICIAL NOTICE—LAW UNDER WHICH DISTRICT ORGANIZED.—Courts take judicial notice of the general law under which reclamation districts may be organized.

ID.—VALIDITY OF RECLAMATION DISTRICT—HOW QUESTIONED—CERTIORARI OR QUO WARRANTO.—The validity of the organization and legal existence of a reclamation district cannot be questioned by private individuals on *certiorari* but only by the state on *quo warranto*.

ID.—NATURE OF RECLAMATION DISTRICT—PUBLIC AS DISTINGUISHED FROM PRIVATE CORPORATION.—A reclamation district is a public as distinguished from a private corporation. It acts as a state agency invested with certain limited powers and restricted to the doing of a particular work public in its nature, and the existence of public corporations can be called in question only by the power from which they derive their right to be.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. McDaniel, Judge.

The facts are stated in the opinion of the court.

C. W. Eastin, for Appellants.

E. T. Manwell, J. E. Ebert, and A. H. Hewitt, for Respondents.

BURNETT, J.—This was an application for a writ of review to annul the proceedings of the board of supervisors of Yuba County relating to the organization of reclamation district number 784. The defendants appeared and demurred to the petition or complaint upon the grounds, among others, that the complaint does not state facts sufficient to constitute a cause of action and that the plaintiffs have not the legal capacity to sue, it appearing that plaintiffs as individuals are seeking to attack the validity of the organization and legal existence of a reclamation district, a public or *quasi* public corporation. Subsequently motions to dismiss the action were made by defendants. After hearing the matter the court rendered its decision sustaining the demurrers and dismissing the action and the appeal is from the judgment entered in pursuance of said decision.

Several contentions are made by appellants and argued with much force, learning, and ability, but it is deemed necessary to consider only one point as that is decisive of the controversy.

In the complaint it is alleged: "That it is claimed and asserted and at all times since on or about May 6, 1908, it has been claimed and asserted by reclamation district number 784, defendants herein, that said reclamation district became a public or *quasi* public corporation and reclamation district, on or about the sixth day of May, 1908, under and by virtue of the petition and other proceedings and papers hereinafter mentioned. . . . That said reclamation district number 784 claims to be and as hereinafter alleged has for some time last past acted as and now is acting as a reclamation district, and claims that certain lands, including the lands of plaintiff herein mentioned, are situated within and comprise the territory of said reclamation district." The complaint was filed December 2, 1912, and it thus appears that for more than four years the said district had claimed and asserted that it was a reclamation district, and for some time prior to the filing of the complaint it had acted and is still acting as a reclamation district.

Regardless, then, of the legality of its organization, it is, without question, according to the allegations of the complaint, what is familiarly known as a *de facto* corporation. A corporation is recognized as *de facto* "when a number of persons have organized and acted as a corporation; have conducted their affairs to some extent at least, by the methods and through the officers usually employed by corporations; and have assumed the appearance, at least, of the counterfeit presentment of a legal corporate body." (*Martin* v. *Deetz,* 102 Cal. 55, [41 Am. St. Rep. 151, 36 Pac. 368].) *"De facto* means in law, as well as elsewhere, of fact; in deed; in point of fact; actually; really." (*McMahon* v. *Leavenworth County Com'rs,* 8 Kan. 437.)

In *Tulare Irrigation District* v. *Shepard,* 185 U. S. 1, [46 L. Ed. 773, 22 Sup. Ct. Rep. 531], the United States supreme court held that, to constitute a *de facto* corporation, there are three requisites: "(1) A charter or general law under which such a corporation as it purports to be might lawfully be organized; (2) an attempt to organize thereunder; and (3) the actual user of the corporate franchise."

The existence of these three requisites clearly appears in the complaint before us. In fact, it is difficult to conceive how they could be more emphatically presented. We take judicial notice, of course, of the general law under which reclamation districts may be organized, and "the attempt to organize" and "the actual user of the corporate franchise" are expressly averred.

But whatever expressions to the contrary may appear in some of the decisions, it must be deemed settled now in this state that the legal right of such corporation to exist and exercise its corporate powers can be inquired into and determined only by the state in *quo warranto* proceedings.

In *Williams* v. *Board of Supervisors,* 65 Cal. 160, [3 Pac. 667], it appears that Henry Hebb, an owner of lands included in an organized swamp land district, applied to the supervisors to have his land segregated and made a new and independent district, under the provisions of the act of April 15, 1880, [Stats. 1880 (Code Amd.) p. 61], amendatory of section 3481 of the Political Code. A protest was filed by Williams, the respondent, who was a landowner in the district. The board granted the petition of Hebb. Williams

procured a writ of review from the superior court and upon a hearing the action of the board was annulled. From the judgment an appeal was taken. The supreme court said: "The order of a board of supervisors, creating a district for the reclamation of swamp land, is an act of legislation, in the exercise of the taxing or police power of the state, which is not reviewable upon *certiorari.* (*Bixler* v. *County of Sacramento,* 59 Cal. 700.) The writ of *certiorari* is, as a remedy, only available for the review of an act judicial in its character." The judgment was therefore reversed.

In *Keech* v. *Joplin,* 157 Cal. 1, [106 Pac. 222], the appeal was from a judgment in *mandamus* directing the defendant to pay to plaintiff the sum of five hundred dollars out of the money in his hands as county treasurer belonging to the general fund of the Newbert protective district, in satisfaction of a warrant for that sum issued to the plaintiff by the directors of said district. Upon the trial the defendant offered to prove that the signers to the original petition for the organization of the district did not own a majority of the lands of the district but only a little over one-third thereof. This proof was offered for the purpose of having the district declared invalid. The main objection presented here to the validity of the organization of the district, it may be stated, is likewise that the petition for the establishment of the district was signed by the owners of less than one-half of the land. The supreme court, in the Keech case, in discussing the ruling of the lower court in excluding the offered evidence, said: "We do not think it necessary to determine what effect such proof would have upon the validity of the district, or whether it would be admissible in any collateral attack thereon. The present action is an action against the treasurer of the county to compel the payment of a claim. The evidence abundantly shows that the district has been organized and that it has been acting as a district. In other words, that it is a *de facto* district. It is a public corporation of a similar character to irrigation districts and reclamation districts. The law is well settled that the validity of the organization of such a district cannot be questioned by private individuals, but only in a proceeding in *quo warranto* at the suit of the state. (*Quint* v. *Hoffman,* 103 Cal.

506, [37 Pac. 514] ; *Reclamation District* v. *Turner,* 104 Cal. 335, [37 Pac. 1038] )."

In *Metcalfe* v. *Merritt,* 14 Cal. App. 244, [111 Pac. 505], it was held, as stated in the syllabus, "A reclamation district is a public, as distinguished from a private corporation.  It acts as a state agency, invested with certain limited powers, and restricted to the doing of a particular work, public in its nature" and "the existence of public corporations can only be called in question by the power from which they derive their right to be."

This question received careful consideration in the case of *Reclamation District No. 765* v. *McPhee,* 13 Cal. App. 383, [109 Pac. 1106].  Therein it is said: "In our former opinion we held that the board of supervisors was without jurisdiction to create the district, for the reason that there was a failure to publish the petition for its organization for the statutory period; and further that the validity of the organization could be attacked in this action.  Since the opinion was filed the decision of the supreme court in *Keech* v. *Joplin,* 157 Cal. 1, [106 Pac. 222], has been called to our attention, which, it is claimed, holds that the organization of the district can only be questioned by *quo warranto.*"  After considering anew the sufficiency of the said publication the opinion proceeds to the discussion of the question: "Could the validity of the corporation be attacked in this proceeding?"  The decisions of the supreme court were reviewed and the conclusion reached that in the absence of fraud *quo warranto* was the exclusive remedy.  A petition for rehearing was filed in the supreme court but denied therein.  In other words, the position of respondent was approved that an exclusive remedy was afforded by section 803 of the Code of Civil Procedure, providing that "An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise, or against any corporation, either *de jure* or *de facto,* which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state.  And the attorney-general must bring the action, whenever he has any reason to believe that any such office or franchise has been usurped,

24 Cal. App.—25

intruded into, or unlawfully held or exercised by any person, or when he is directed to do so by the governor.''

We must assume, of course, that the attorney-general will do his duty and that appellants will have no difficulty in obtaining redress by the method thus pointed out, if there be merit in their contention.

The foregoing cases seem to set this decisive question at rest and no further discussion is called for.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.