[Civ. No. 3860.   First Appellate District, Division One.—August 24, 1921.]

## ELISE SCHUYLER, Respondent, v. ALEXANDER PANTAGES et al., Appellants.

[1] CONTRACTS—SIGNATURE BY INDIVIDUAL—SUFFICIENCY OF TO BIND CORPORATION.—The signature of a contract by an individual is sufficient to bind a corporation of which he is the president and general manager, and in the name of which he is engaged in the business with direct relation to which the contract is entered into, where the contract on its face purports to be the contract of the corporation, and expressly states that he is the president and general manager thereof.

[2] ID.—PERSONAL SERVICES—DISSATISFACTION OF EMPLOYER—RIGHT TO TERMINATE AGREEMENT.—Where the contract between a corporation and a vaudeville performer provides that, "if it determines the services herein contemplated to be unsatisfactory to it," the corporation may thereupon cancel and terminate the agreement, such agreement comes within the class of contracts where fancy, taste, sensibility, or judgment are involved, and the corporation has the right, in the absence of bad faith, to cancel and terminate the same upon determining, through its local manager invested with that discretion, that the services are unsatisfactory.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Shortall, Judge. Reversed.

The facts are stated in the opinion of the court.

A. J. Treat and Wm. A. Kelly for Appellants.

R. H. Countryman and John T. Pidwell for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action for damages for the breach of a written contract alleged to have been entered into between herself and the defendants, by the terms of which the plaintiff was to produce upon the circuit of the defendants for a period of fourteen weeks a vaudeville production which she had written and was, with the aid of another, to perform in the various playhouses of the defendants throughout said circuit, and for which she was

to receive the sum of $115 per week and her traveling expenses.

The plaintiff's complaint is in five counts, all, however, being based upon the same transaction. In the third of said counts the plaintiff includes in her averments and demands for damages the value of a drop-curtain alleged to be the sum of $500, ordered by her for the purposes of her production, and rendered valueless by the defendants' refusal to permit her to perform her said agreement; while in the last of said counts the plaintiff includes a demand for damages in the sum of $25,000 for injuries to her reputation as a writer and producer of plays, and to her physical health, arising out of the defendants' refusal to permit the production in their playhouses of her performance.

The defendants in their answer deny entering into the agreement with the plaintiff which she pleads in substance in her complaint; but they allege that the plaintiff and Alexander Pantages did enter into a written agreement for the production of her play, a copy of which agreement they attach to their answer. They also deny the breach of said agreement and that the plaintiff sustained any damages from any such breach. For a counterclaim they allege that the defendant Alexander Pantages loaned plaintiff the sum of $200, for which he seeks the recovery.

The findings of the trial court were generally in favor of the plaintiff, the court fixing the plaintiff's damages at the sum of $2,860, without differentiating how such sum was to be apportioned among the plaintiff's several demands for damages, except as the court allowed interest upon the sum of $1,410, as indicating that to be the portion allowed as damages for the direct breach of a written contract. The defendants appeal from the judgment rendered and entered upon these findings.

[1] The appellants' first contention is that in so far as said judgment is against the defendant Pantages Circuit of Vaudeville Theaters Inc. (a corporation) it is not sustainable, since the contract upon which the plaintiff relies for a recovery does not purport to have been signed by said corporation, but only by the defendant Alexander Pantages in person.

This contention we hold to be without merit. The contract on its face purports to be the contract of the corporation of which Alexander Pantages is expressly stated to be the president and manager. It refers throughout to the circuit of theaters conducted by said corporation and to the production of the plaintiff's performance therein. In addition to this, the complaint alleges, and the answer admits, that the defendant Alexander Pantages did business under the name and style of Pantages Circuit of Vaudeville Theaters. Such being the condition of the contract and the pleadings, we deem the signature of the contract by Alexander Pantages sufficient to bind the corporation of which he was the president and manager, and in the name of which he was engaged in the business with direct relation to which this contract was entered into.

[2] The next contention of the appellants, however, is more serious, and is to our minds determinative of this appeal.

The contract in question contains, among its several provisions, the following clause:

"VI. If before or during this engagement the first party determines that the second party has reduced or changed the personnel or number of performers, or changed or lowered the quality of act contemplated herein; or if it determines the services herein contemplated to be unsatisfactory to it, the first party may thereupon cancel and terminate this agreement."

It is the appellants' contention that under the foregoing clause of said contract the party of the first part thereto reserved the absolute right, in the absence of bad faith, to cancel and terminate the agreement at any time during the plaintiff's engagement "if it determines the services herein contemplated to be unsatisfactory to it"; and that having exercised this right at the beginning of the plaintiff's engagement, or, in other words, at the close of her first regular performance, and no bad faith in so doing being shown, there is an end to the plaintiff's case.

We are constrained to hold that this contention must be sustained. In the case of *Tiffany* v. *Pacific Sewer Pipe Co.*, 180 Cal. 700, [6 A. L. R. 1493, 182 Pac. 428], the supreme court (Mr. Justice Shaw writing the opinion) discusses quite lucidly the two classes of contracts in which

one party is required to do something which expressly is to be to the satisfaction of the other party, namely, (1) where fancy, taste, sensibility, or judgment are involved; (2) where the question is merely one of operative fitness or mechanical utility.'' In relation to the first of these two classes of agreements the opinion adopts the rule laid down in 13 Corpus Juris, page 675, as follows: ''In contracts involving matters of fancy, taste or judgment when one party agrees to perform to the satisfaction of the other he renders the other party the sole judge of his satisfaction without regard to the justice or reasonableness of his decision; and a court or jury cannot say that such party should be satisfied where he asserts that he is not.''

We are of the opinion that the agreement in the instant case comes clearly within the first class of agreements above referred to, and hence within the rule last above quoted. The cases cited in Corpus Juris as illustrating the rule deal with such agreements as those for the painting of a portrait (*Gibson* v. *Cranage,* 39 Mich. 49, [33 Am. Rep. 351]); the writing of articles for a newspaper (*Crawford* v. *Mail etc. Co.,* 163 N. Y. 405, [57 N. E. 616]); the preparation of a literary or scientific article for an encyclopedia (*Walker* v. *E. D. W. Thompson Co.,* 37 App. Div. 536, [56 N. Y. Supp. 326]); a play to be written by an author for an actor (*Haven* v. *Russell,* 34 N. Y. Supp. 292); a design for a bank-note (*Gray* v. *Alabama Nat. Bank,* 10 N. Y. Supp. 5), and the like. Being an agreement of the class illustrated in the foregoing citations, it follows that the act of the local manager of the corporation defendant in declaring the plaintiff's attempted performance of the same unsatisfactory, and in refusing to permit the further performance thereof, and the further act of Alexander Pantages himself in ratifying the local manager's said action, were within the rights of the defendants under said agreement, and hence were acts upon which the plaintiff had no right to any or all of her several alleged causes of action.

In so deciding we take note of the respondent's contention that the terms of the contract required the exercise of the personal judgment of Alexander Pantages as to whether her performance was satisfactory; that this personal judgment on his part had not been exercised since he was not

personally present when the performance which was objected to was given; that this function of determining whether or not the plaintiff's performance was satisfactory could not be delegated to the person who essayed to exercise it, and hence that Pantages' attempted ratification of the local manager's action could avail the defendants nothing. We do not find that the contract is susceptible of the construction which the respondent seeks to give to it in this respect. The clause above quoted does not require that the plaintiff's performance shall be satisfactory to Alexander Pantages personally, but to the corporation itself, which must, of course, act through its officers and agents. There are other provisions of the contract which would seem to invest the local managers of the numerous theaters of the corporation upon its somewhat widespread vaudeville circuit with full discretion as to the performances to be given thereat, while the evidence in the case discloses without contradiction that the local managers of vaudeville theaters are invested with the power of determining whether or not a certain performance is being satisfactorily given.

We are, therefore, of the opinion that the plaintiff's engagement under her said agreement was terminated by the declaration of the defendants' local manager that her performance was unsatisfactory and that it could not go on. The good faith of the defendants' local manager in so determining, while impugned by the respondent in her brief, is not seriously assailed either in her pleadings or the proofs in the case, nor is it questioned in the findings of the trial court. On the contrary, the evidence preponderates in negativing such a conclusion.

It follows from the foregoing that since the defendants were within their rights in declaring the plaintiff's performance unsatisfactory and in refusing to permit its further production, her whole case falls, and her several claims for damages having thus no foundation are insufficient to sustain any portion of the findings and judgment of the trial court in her favor.

This conclusion renders unnecessary a discussion of the further questions presented in the case. It follows that the judgment must be reversed, and it is so ordered.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 20, 1921.

All the Justices concurred, except Shaw, J., who was absent.