[Civ. No. 17955. Second Dist., Div. Two. Dec. 20, 1950.]

G. N. CROSWELL, Appellant, v. RALPH ECKELS et al., Respondents.

Ernest W. Pitney for Appellant.

Moidel, Moidel, Moidel & Smith and Leonard Smith for Respondents.

MOORE, P. J.—Having failed to establish his right to a quiet title, appellant demands a reversal of the judgment on the grounds that (1) the facts prove that the transaction whereby respondents' predecessor acquired a deed to two city lots was rescinded; (2) the grantor of Ralph and Emma Eckels had constructive notice of the rescission; (3) such respondents had constructive notice of the rescission.

The controversy arose out of the attempt of one Ezra Cubley to convey two city lots to some member of his family after he and his wife Edna had already transferred them to one Darol Roberts. Some five days before Roberts had recorded his deed, Ezra, without being joined by his wife, by deed transferred the same property without consideration to his mother Martha Belle Cubley who had knowledge of the Rob-

erts' deed.  Evidently conceiving that they had all or part ownership of the lots as heirs or legatees of Martha Belle, the latter's husband, W. M. Cubley, joined Ezra and his wife Edna in executing a deed to appellant on April 7, 1949, which was recorded on June 14 of the same year.  No consideration was paid by either Martha Belle to Ezra or by appellant to his grantors.

There is no proof that the conveyance to Roberts was rescinded.  No notice of Ezra or his wife Edna was in evidence to prove a rescission of the conveyance or a demand for reconveyance.  ■  The recording of the deed to Martha Belle prior to the recordation of the Roberts' deed is not equivalent to the statutory requirements of a notice of rescission.  (See Civ. Code, § 1691.)  Such deed did not contain a suggestion that Martha Belle's grantor had rescinded his transaction with Roberts.  Many reasons for the delivery or recordation of a second deed might be named without the remotest suggestion of the cancellation of a prior conveyance.  ■  Moreover, appellant's attempt at rescission fails inasmuch as no offer was made to restore the consideration received from Roberts.  Such an offer is indispensable to a legal rescission (Civ. Code, § 1691; *McGue* v. *Rommel*, 148 Cal. 539, 547 [83 P. 1000]) unless nothing of value was received.  (*Esau* v. *Briggs*, 89 Cal.App.2d 427, 436 [201 P.2d 25].)  ■  The consideration furnished by Roberts was a deed to certain Florida property, and although Mr. Cubley testified that this consideration failed, his testimony fell far short of establishing this fact to the satisfaction of the trial court.  Testimony that "someone" had written from Florida that Roberts did not own the Florida land in question was hearsay at its best.  That a vendor does not own realty situate in a distant community can be proved only by a competent witness who has searched the deed records of the county in which the land was represented to be located.  ■  There is another vice inherent in appellant's title.  The deed to Martha Belle was by Ezra alone.  However, the significance of that fact lies not so much in the want of a complete transfer of presumptively community property but rather in the fact that it evidences a hasty attempt on the part of Ezra to get his deed first on record in order to circumvent the deed to Roberts.

■  Also, the insignia of appellant's ownership do not clearly appear.  No pleading or proof indicates that Martha Belle died testate.  Appellant is therefore not shown to have received a transfer of the two lots in question.  Until

Martha Belle's estate has been administered and her property distributed to her heirs, neither the latter nor their transferees are in a position to prevail in a quiet title action.

The right to recover in such an action depends upon the strength of the plaintiff's title. (*McGrath* v. *Wallace,* 116 Cal. 548, 551 [48 P. 719]; *DeFlon* v. *Van Lue,* 83 Cal.App. 2d 288, 291 [188 P.2d 301].)

Inasmuch as Martha Belle had actual notice of the delivery of the Roberts' deed prior to delivery of Ezra's deed to her the latter instrument was ineffectual as a conveyance of the property. (Civ. Code, § 1217.) She could not by a gift deed obtain estate in the lots as against Roberts who had already acquired title thereto by the deed from Ezra and wife. It is statutory that a grant of real property is conclusive against the grantor and those subsequently claiming under him "except a purchaser or encumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument that is first duly recorded." (Civ. Code, § 1107.)

Therefore, since appellant did not establish that Martha Belle Cubley was a purchaser for value and in good faith, he cannot prevail. (*Clark* v. *Sawyer,* 48 Cal. 133, 142; *Mahoney* v. *Middleton,* 41 Cal. 41, 50; 45 Am.Jur. 479, sec. 104.)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.