[Civ. No. 15362.   First Dist., Div. Two.   May 25, 1953.]

JOHN GARETTO, Appellant, v. ALMADEN VINEYARDS
(a Partnership) et al., Respondents.

Francis Passalacqua, Albert Picard and Raymond N. Baker
for Appellant.

Wallace, Garrison, Norton & Ray and Kent A. Sawyer for
Respondents.

DOOLING, J.—Plaintiff appeals from a judgment in his
favor for $3,081.34, the amount deposited by defendants in
court.   The action was for the price of wine allegedly sold to

defendants at an agreed contract price of $21,550. The defendants pleaded and the trial court found that the wine was warranted to conform to sample, that the wine actually delivered did not conform to the sample but was a different and inferior quality of wine and that it was not accepted by the defendants. The wine was sold by defendants for plaintiff's account after plaintiff had refused defendants' repeated demands to take the wine back and the amount of the judgment represents the difference with interest thereon between the amount received by defendants from this sale of the wine and the sum of their handling costs and an amount already paid by them to plaintiff.

The finding that the wine delivered did not conform to sample is not attacked on appeal and is amply supported by the evidence. The sole argument made on appeal is that "defendants lost their right to rescind the sale by their unreasonable delay and retention of the wine."

For the sake of clarity we note at this point that the case under the pleadings and finding of the court is not properly speaking one of rescission but of refusal to accept delivery because the goods tendered were not those agreed to be sold. The true question is not therefore whether defendants lost or waived the right to rescind by unreasonable delay but whether they must be held to have accepted the wine under that portion of section 1768, Civil Code (Uniform Sales Act, § 48) which provides: "The buyer is deemed to have accepted the goods . . . when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

The distinction is pointed out in 3 Williston on Sales, Revised Edition, section 483, page 36: "The question whether a buyer has elected to affirm a sale and retain the goods that he has bought, in spite of the seller's fraud, and the question whether a buyer has elected to forego a right of rescission for breach of warranty involve problems similar but not precisely identical with those presented by the question whether a buyer has accepted goods tendered to him."

This similarity of the question where it is claimed, as here, that the delay in notifying the seller of rejection after the receipt of the goods has been unreasonable to the case of delay in giving notice of rescission is shown by the provision of section 1789 (3), Civil Code (Uniform Sales Act, § 69 (3)): "Where the goods have been delivered to the buyer, he cannot rescind the sale . . . if he fails to notify the seller within a

reasonable time of the election to rescind. . . ." From the comparison of the language of section 1768, Civil Code, "after the lapse of a reasonable time," with that of section 1789 (3), Civil Code, "within a reasonable time," it is clear that the right to refuse to accept the goods and the right to rescind after acceptance of the goods must both be exercised within a reasonable time. Hence, to the extent that they deal with the effect of the lapse of time, cases involving the rescission or attempted rescission of sales may be authority by analogy, but only by analogy, in cases involving the lapse of time as it affects the question whether the goods have been accepted by the buyer.

In our case the evidence shows that the contract was made through an intermediary, Bundschu. The contracting agent for defendants was Benoist who handled the matter of purchases and sales for defendants. Gaulet was the "manager of the property, but matters of purchases and sales he's always taken those things up with me (Benoist)." The wine in question was delivered by an independent trucker in three loads, February 13, 14 and 15, 1947. After the first delivery on February 13 Gaulet tested the wine and found that it did not conform to sample. He tried to communicate with Bundschu but could not reach him because he was in the hospital. He did not know plaintiff although he did know that he lived in Napa County. After failing to reach Bundschu Gaulet telephoned to Benoist who was in New York. Benoist instructed Gaulet to receive the rest of the wine into defendants' tanks and keep the tanks full until Benoist returned from New York. Upon Benoist's return he had a conference with Bundschu and plaintiff. The date of this conference was two or three weeks after the delivery of the wine. Plaintiff fixed it at "about two weeks . . . about 14 days after delivery was made." At that time Benoist told plaintiff that the wine did not conform to sample and plaintiff asked to be allowed to submit samples of other wine. This was done and the samples submitted were rejected by defendants. Thereafter defendants formally notified plaintiff that they were rejecting the wine delivered to them and repeatedly tendered it back to him and requested him to remove it. Finally they notified plaintiff that if he did not remove the wine they would sell it for the best price obtainable and deliver the proceeds less their deposit and handling costs to plaintiff.

██ ██ Plaintiff treats the first notice of rejection as having occurred on May 6, 1947. It is well settled, however, in rescission cases that delay caused by negotiations with the other party in an attempt to reach an amicable settlement is excused (*Williams* v. *Marshall*, 37 Cal.2d 445, 455-456 [235 P.2d 372] ; *Graham* v. *Los Angeles First Nat. T. & S. Bank*, 3 Cal.2d 37, 44-45 [43 P.2d 543] ; *Gist* v. *Security Trust & Sav. Bank*, 218 Cal. 581, 586 [24 P.2d 153] ; *Reiniger* v. *Hassell*, 216 Cal. 209, 210-211 [13 P.2d 737] ; *Hunt* v. *L. M. Field, Inc.*, 202 Cal. 701, 704 [262 P. 730]) and we are satisfied that the same rule is properly applicable in the case of a delay in notifying the seller that the buyer refuses to accept the goods under section 1768, Civil Code.

The critical date here is the date of the first conference, two weeks after the delivery of the wine. At that conference plaintiff was told that the wine delivered did not conform to sample and plaintiff asked the privilege of submitting samples of other wine to be substituted in place of that previously delivered. The samples proved unsatisfactory and defendants thereupon definitely rejected the wine delivered. The delay after the first conference was caused by this effort to arrive at an agreeable adjustment and falls within the rule of the above cited cases.

██ The general rule is that unless the delay is so palpably unreasonable as to constitute an acceptance as a matter of law the effect of the delay presents a question for the trier of fact. (*Warner-Godfrey Co.* v. *Sheinman*, 273 Pa. 105 [116 A. 671] ; *Laganas Shoe Mfg. Co.* v. *Sharood*, 173 Minn. 535 [217 N.W. 941] ; *Hayes* v. *Kluge*, 86 N.J.L. 657 [92 A. 358] ; *Rubber Corp. of America* v. *Tanney-Costello, Inc.*, 86 Ohio App. 438 [93 N.E.2d 38] ; *Massari* v. *Accurate Bushing Co.*, 8 N.J. 299 [85 A.2d 260].) ██ We cannot say that the conduct of Benoist in authorizing the receipt of the wine into defendants' casks and holding its acceptance in abeyance until his return from New York in something like two weeks was so palpably unreasonable as to constitute an acceptance of the wine as a matter of law. In our opinion this presented a question of fact for the trial judge which he has resolved against the plaintiff.

Plaintiff relies heavily on *Jackson* v. *Porter Land & Water Co.*, 151 Cal. 32 [90 P. 122]. In that case the buyer actually operated the pump purchased for almost two months with knowledge that it did not conform to the contract specificaions before giving notice of rejection. The trial court found

that the pump had been accepted and gave judgment for the plaintiff which was affirmed. In our case the wine was merely stored, not used in any way, and defendants' objection to the wine was communicated to plaintiff within about two weeks and negotiations inaugurated for an adjustment agreeable to both parties. The trial court found that this conduct did not constitute an acceptance. The Jackson case is not authority that in the case before us there was an acceptance as a matter of law, nor is such authority found in any other case cited by plaintiff.

The case of *Mayer* v. *Northwood Textile Mills, Inc.,* 105 Cal. App.2d 406 [233 P.2d 567] has features not unlike the case before us. The court in that case does not clearly distinguish between delay in notifying of nonacceptance and delay in notifying of rescission. It does lay down the settled rule applicable to both situations: ''There is no hard or fixed rule as to the lapse of time or circumstances that will justify the application of the doctrine of laches. (Citation.) The conclusion of the trial court will not be set aside by a reviewing court if it finds reasonable support in the evidence.'' (105 Cal.App.2d pp. 409-410.)

The trial court has drawn the inference of nonacceptance in this case and the evidence is such as to reasonably support that finding.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.