[Civ. No. 22550. Second Dist., Div. One. Dec. 30, 1957.]

FLASH CLEANERS, INC. (a Corporation) et al., Respondents, v. COLUMBIA APPLIANCE CORPORATION (a Corporation), Appellant.

456

Stanton & Stanton for Appellant.

Perry Bertram for Respondents.

FOURT, J.—This is an appeal from a judgment wherein it was ordered that a conditional sales contract between the corporation plaintiff as buyer, and defendant as seller, be rescinded; that the corporate plaintiff have a money judgment against the defendant; that the plaintiff Barton take nothing by reason of his action against the defendant, and that the cross-complainant take nothing by reason of its cross-complaint.

Flash Cleaners, Inc., a corporation, hereinafter referred to as "Flash," in its complaint set forth an action for damages for a breach of warranty, and Barton set forth a cause of action for personal injuries allegedly suffered by him. An amendment to the Flash complaint, and an answer thereto put in issue the question of rescission. Columbia Appliance Corporation, a corporation, hereinafter referred to as "Columbia," in its answer, generally and in effect, denied the allegations of the plaintiffs, and in its cross-complaint alleged that Flash was a corporation; that Columbia entered into a contract with Flash and Barton, and then alleged that the contract was not complied with in that the payments were not made thereunder; that Columbia exercised its option under the contract and recovered possession of the property sold, and claimed its right to retain the payments theretofore made. Further, it claimed damages for the loss suffered on the resale of the equipment under the provisions of the conditional sales contract.

A résumé of the facts is as follows: On April 9, 1953, Flash was incorporated by filing its articles of incorporation with the Secretary of State. Robert Barton was employed by Flash and later was made the manager thereof. Flash ordered certain dry cleaning equipment from Columbia. On June 17, 1953, Flash, as buyer, and Columbia, as seller, entered into a written conditional sales contract for the purchase and sale of certain cleaning equipment, and on the same date Columbia issued to Flash a shipping invoice.

On July 1, 1953, the equipment contracted for was delivered to Flash. Due to the size and character of the equipment and the space which Flash had available, the equipment could not be used, and a new contract was entered into dated July 15, 1953, whereby some of the items contracted for in the first instance were eliminated. The latter contract provided for a total payment of $9,845, the down payment of $2,195, theretofore accepted under the June 17th contract was carried forward, and the monthly payments were set at $212.50. The down payment was made up of a boiler and cleaner unit at the accepted value of $1,450, and $745 in cash.

Columbia represented and warranted that the equipment and machinery was well made with good materials and would handle 120 pounds of garments each hour without leakage or escape of fumes, and would recover 98 per cent of the solvent in the garments after extraction, and would in all respects perform and clean garments in a superior and more economical manner than certain equipment of named leading, nationally known manufacturers.

Flash made it known to Columbia that it intended to use the equipment to dry clean clothes with a certain type of solvent, that it required equipment which would handle at least 100 pounds of clothes per hour, and would recover 90 per cent of the solvent and would have a cleaning efficiency at least equal to that of similar equipment manufactured by certain named companies. Flash relied upon the representations and warranties made by Columbia.

The equipment leaked excessive quantities of solvent. Columbia tried to repair the defects and to modify the equipment to the end that it might be made operative within the regulations of the State Fire Marshal. Columbia, by conduct and statements, led Flash to believe that it would remedy the defects or replace the equipment. On October 29, 1953, Flash advised Columbia by letter of its election to rescind. Columbia made no response to such communication, and on November 30, 1953, Flash sent another letter of similar nature to Columbia. There was no reply by Columbia, and on January 13, 1954, Flash sent another letter, and thereafter negotiations were made leading to an agreement dated January 21, 1954, and the delivery of the equipment to Columbia.

Appellant contends (1) that Barton was the real purchaser of the equipment, that Flash was not a corporation at the time of the agreement, and therefore Barton was the

true party plaintiff and not Flash, and (2) that Flash was not entitled to rescind the contract.

It is undisputed that the articles of incorporation of Flash were filed with the Secretary of State on April 9, 1953. The corporation came into existence on that date. (Corp. Code, § 308.)

Columbia was not a shareholder, neither did it stand in the position of a shareholder, incorporator or officer, and therefore is in no position, under the circumstances, to question the corporate existence of Flash. (*Jaques* v. *Board of Supervisors*, 24 Cal.App. 381 [141 P. 404]; *Western Union Tel. Co.* v. *Superior Court*, 15 Cal.App. 679 [115 P. 1091, 1100].)

Columbia, in its cross-complaint, alleged that Flash was a corporation, organized and existing under the laws of the State of California.

It is asserted by Columbia that the record does not disclose ostensible or actual authority for Barton to act for Flash in the execution of the contract in question. Columbia is bound by the familiar rule to the effect that one dealing with a corporation's agent cannot question the agent's authority. (*Boteler* v. *Conway*, 13 Cal.App.2d 79 [56 P.2d 587]; *Chandler* v. *Hart*, 161 Cal. 405 [119 P. 516, Ann.Cas. 1913B 1094]; *Barrell* v. *Lake View Land Co.*, 122 Cal. 129 [54 P. 594]; *Guarantee Loan Co.* v. *Fontanel*, 183 Cal. 1 [190 P. 177]; *Shively* v. *Eureka T. Gold Mining Co.*, 5 Cal. App. 236 [89 P. 1073]; *Pores* v. *Purity Milk Co.*, 135 Cal. App.2d 305 [287 P.2d 169].)

By the same reasoning, there is no merit to Columbia's assertion that there was no showing that the agent's authority to sign contracts for Flash was in writing.

Columbia declares that there was no mutual consent to sell to Flash, and sets forth that some of the documents were signed, "Flash Cleaners by Robert Bloom," and therefore there was no contract as a matter of law. Any abbreviation in the name or defect of such character is of no consequence. (*Rowe* v. *Table Mountain Water Co.*, 10 Cal. 441; *Schuyler* v. *Pantages*, 54 Cal.App. 83 [201 P. 137].)

We know of no cases holding to the effect that in an action by a corporation to rescind a contract for breach of warranty and to recover the purchase price, the defendant may avoid his obligation by claiming that the contract was signed on behalf of the corporation by an agent acting without authority, or that the contract was defective for want of mutual consent of the parties.

The appellants here sought a judgment against Flash. "The consensus of opinion appears to be that where a defendant sued by a plaintiff representing itself as a corporation files a counterclaim or cross action, he thereby estops himself from denying the plaintiff's corporate existence, this conclusion resting, either expressly or inferentially, upon the proposition that recognition of the plaintiff's suability constitutes also a recognition of its corporate existence." (51 A.L.R.2d 1449.)

Flash gave prompt notice of the rescission under the circumstances. Columbia argues that by reason of Flash's using the equipment after the first notice of rescission was made, Flash lost its right to rescind. In this case there were negotiations looking toward a settlement of the claims and counterclaims; Columbia was attempting to fix the equipment to the end that it would operate properly and under such circumstances the promptness which might ordinarily be expected is excused. (*Garetto* v. *Almaden Vineyards,* 118 Cal.App.2d 99 [257 P.2d 477].)

In the instant case we are of the opinion that under the circumstances Flash made its election within due time. (Civ. Code, § 1789, subd. (3).)

When the effort to remedy the defects was obviously unsuccessful Flash not only offered to restore the equipment, but demanded that Columbia remove its equipment. Columbia did not see fit to answer Flash's first two letters of rescission and therefore can hardly be heard to complain now. The facts of this case are not comparable to the facts of the cases cited by Columbia, namely, *Neet* v. *Holmes,* 25 Cal.2d 447 [154 P.2d 854], and *Croswell* v. *Eckels,* 101 Cal.App.2d 271 [225 P.2d 663], wherein the one giving notice of rescission continued to accept the benefits of the contract and thereby affirmed the same. Questions of fact were involved and there was ample evidence upon which the trial court could and did base its findings. (*Mayer* v. *Northwood Textile Mills, Inc.,* 105 Cal.App.2d 406, 409 [233 P.2d 567].)

The burden was upon Columbia to establish that there was a waiver of the right to rescind. (*Mobley* v. *Richfield Oil Corp.,* 53 Cal.App.2d 406 [128 P.2d 105]), and it did not sustain that burden.

There are situations in which the rescinding party can remain in possession of the property involved, and if need

be, use the same. (*Smith* v. *Rickards,* 149 Cal.App.2d 648 [308 P.2d 758].)

Very largely the decision in this case depends upon where lies the weight of the evidence, which is for the trial court to determine. We have read the record in detail, and in our opinion there is substantial evidence to sustain each and every finding of fact, and the findings sustain the judgment.

The judgment is affirmed.

White, P. J., and Drapeau, J.,* concurred.

*Assigned by Chairman of Judicial Council.