# Warner-Godfrey Co. v. Sheinman, Appellant.

*Evidence — Custom — Trade custom — Measurement of textile goods—Notice—Sale—Contract.*

1. General and universal customs applicable to the trade or business are binding upon buyer or seller unless there is notice of contractual stipulation that the transaction is without regard to the custom.

2. Trade customs are recognized upon questions of measurement.

3. Where textile goods are sold as of a width mentioned, it is proper, where the purchaser alleges a shortage of width, as an excuse for nonpayment, to admit evidence of a trade custom that such goods were marked as of the width of the original cloth, and not the width they assumed after being mercerized and finished, which process caused a shrinkage in width of from 1½ to 2 inches.

*Contract—Sale—Quality—Delay in making complaint.*

4. Where a purchaser during a falling market delays from one to two months in making complaint as to goods received by him, the question of reasonableness of the delay is for the jury.

Argued January 10, 1922. Appeal, No. 121, Jan. T., 1922, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1920, No. 4846, on verdict for plaintiff, in case of Warner-Godfrey Co. v. Max Sheinman. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before FIN-LETTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,758.44. Defendant appealed.

*Errors assigned,* were various rulings and instructions, appearing by opinion of Supreme Court, quoting the record.

*Harry Shapiro,* for appellant.

*Percival H. Granger,* of *Reber, Granger & Montgomery,* for appellee, was not heard.

PER CURIAM, February 20, 1922:

On February 6, 1920, plaintiff sold to defendant 170 pieces "40-inch Florida Voile or Voile Francais" to be delivered during the months of April and May of that year. The affidavit of defense avers that, upon receipt of shipments and examination of the merchandise, "I found it was not 40 inch width but that on the contrary it was in some instances 38 inches wide and in some instances 38½ inches wide. None of it measuerd 40 inches in width." Plaintiff was notified of the deficiency in width and asked for shipping directions for return of the goods, which was refused by plaintiff. Later this action was brought to recover the amount of plaintiff's claim and a verdict rendered in its favor. From judgment entered thereon defendant appealed. That the voile delivered measured in width from 38½ to 39¼ inches is admitted.

Three questions are raised by the pleading: (1) Admitting testimony of a trade custom in the width measurement of such goods, (2) Defendant's delay in rejecting the goods, and (3) Affirming of plaintiff's points.

Admitting evidence of a trade custom in the measurement of goods of the character of those covered by the contract in this case was not error. The evidence, which is practically uncontradicted, shows the universal custom among dealers is to mark voiles, as was done in this

case, as of the width of the original gray cloth and not of the width they assume after being mercerized and finished, which process causes a shrinkage in width of from 1½ to 2 inches. "General and universal customs applicable to the trade or business are binding upon buyer or seller, unless there is notice of contractual stipulation that the transaction is without regard to the customs. So, trade customs have been recognized, among others, upon questions of......measurement": 17 C. J. 490; see also Morris v. Supplee, 208 Pa. 257.

As to delay in making complaint of the short width of the goods the testimony shows four shipments received by defendant as follows: April 16, 1920, April 27, 1920, May 11, 1920, and May 13, 1920, and that on June 7, 1920, defendant first made complaint of the narrow width of the goods and asked shipping directions for their return. Whether the delay in the attempt to cancel the orders was unreasonable, especially as the price of such goods was falling in the market, was left to the jury, as was also the question of trade custom, in a charge quite as favorable to defendant as he was entitled to receive, and both questions were found against him.

We see no error in the court's answers to plaintiff's points.

Judgment affirmed.