## AMERICAN SUGAR REFINING CO. v. COLVIN ATWELL & CO.

(District Court, W. D. Pennsylvania. March 10, 1923.)

No. 2860.

1. Pleading ⊂⟩214(5)—On statutory demurrer, technical words in contract must be assumed to have meaning ascribed by statement of claim.

Since it is competent to aver and prove the meaning of technical trade terms used in a contract, it must be assumed, in ruling on a statutory demurrer, that such words have the meaning ascribed to them by the averments of the statement of claim.

2. Evidence ⊂⟩457—Frauds, statute of ⊂⟩158(3)—Reading into contract translation of technical terms into ordinary language is permissible.

Reading into a contract the translation of technical terms used into words of general understanding is not the supplying by parol of a missing term of the agreement, and it does not violate either the parol evidence rule or the statute of frauds to admit such evidence, when the pleading contains the necessary averments as to the meaning of such term.

3. Evidence ⊂⟩457—Phrase "basis 22.50," in contract for sale of sugar, constitutes a technical term, needing explanation.

In a written contract for the sale of sugar, the phrase "basis 22.50" is a technical term, which needs explanation, since its meaning would not be clear to laymen.

---

⊂⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **Frauds, statute of** ⬅112—**Contract for sale of sugar held to fix price of each grade, under allegations of trade custom.**

A contract for the sale of sugar of assorted grades and packages, "basis 22.50," which it was alleged meant that the price of fine granulated sugar packed in bulk was $22.50 per 100 pounds, and the price of any other grade or package was determined by adding to or subtracting from the said price the amount of the then existing standard trade differential applicable to such other grade or package, sufficiently fixes the price of each grade or package of sugar sold to comply with the statute of frauds.

5. **Evidence** ⬅458—**Single standard differential in trade for each grade or package may be shown by parol.**

Where there is but one standard trade differential for each grade or package of sugar, by which the price of such grade or package can be determined from the base price fixed by the contract, the differentials may be shown by parol.

6. **Frauds, statute of** ⬅113(2)—**"Memorandum" need not contain terms implied by law or custom.**

A "memorandum" is sufficient, under the statute of frauds, if it contains all of the express contract of the parties; it need not contain those elements which become a part of the obligation by implication of law, of custom, or of past practice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Memorandum.]

At Law. Action by the American Sugar Refining Company against Colvin Atwell & Co. On statutory demurrer by affidavit of defense raising question of law. Demurrer overruled, with leave to answer the facts.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., and Henry S. Drinker, Jr., of Philadelphia, Pa., for plaintiff.

Thomas M. Benner and William H. Colvin, both of Pittsburgh, Pa., for defendant.

THOMSON, District Judge. The plaintiff, a vendor of sugar, brings this action to recover damages for the breach of a contract to purchase sugar. The contract consists of a written offer and a written acceptance, which are attached to and made a part of the plaintiff's statement. The defendant contends as a matter of law that the contract is for the sale of goods of the value of $500 or upwards, and as such falls within section 4 of the Pennsylvania Sales Act of 1917, requiring a memorandum thereof to be in writing, and it is claimed that the writings in question do not comply with this section of the statute. Both the written offer and acceptance state the names of he parties, the quantity of sugar sold, the time of delivery, and the terms under which the sale is made. The offer is signed by the buyer, and the acceptance by the seller. The defendant contends that the writings do not on their face state the respective prices for the various grades and packages of sugar, which the defendant had a right to specify under the contract. This apparent insufficiency arises because of the use of certain technical terms, not of obvious meaning in themselves, but familiar and well known in the sugar trade. When the terms are given their trade meaning, the writings would appear to fix the price of each grade or package deliverable under the contract.

The declaration undertakes to supply the meaning of certain trade terms used, and to thus put the court in the position of the parties who made the contract. It is alleged that throughout the sugar trade the words "basis 22.50" have, and always have had, a peculiar trade meaning, as follows:

"The price of fine granulated sugar packed in bulk in barrels, or 100 pound packages, is $22.50 per 100 pounds, and the price of any other grade or package is determined by adding to or subtracting from the said price, the amount of the now existing standard trade differential applicable to such other grade or package."

[1] It is averred that, when the contract was made, there were, and had been for a long time, in existence standard trade differentials applicable to each grade, familiar to the defendant and all other buyers of sugar, to which plaintiff and defendant intended specifically to refer by the use of the words "basis 22.50," in harmony with the actual prior practice of the parties in numerous previous dealings. It is, of course, entirely competent to aver and prove the meaning of technical trade terms, and hence we must assume on this motion that the words in question have the technical meaning ascribed to them by the averments of the statement of claim.

[2] Reading into a contract the true meaning of technical terms, familiar to and used by the parties to a contract, is in no sense supplying by parol a missing term of the agreement. Such trade usage or meaning is supposed to have been in the minds of the parties when the contract was made, and hence the real meaning of the words becomes a part of the contract. When the words "basis 22.50" are thus explained by the averments of the declaration, it would seem that every grade or package of sugar available for selection is specified. Neither the parol evidence rule nor the statute of frauds is violated by reading into a contract a translation of technical terms used into words of general understanding. This principle is set forth in Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, 118 Atl. 109. At 274 Pa. 194, 118 Atl. 110, the court said:

"Every agreement is made and to be construed with due regard to the known characteristics of the business to which it relates (McKnight v. Manufacturers' Natural Gas Co., 146 Pa. 185), and hence the language used in a contract will be construed according to its purport in the particular business, although this results in an entirely different conclusion from what would have been reached, had the usual meaning been ascribed to those words. Guillon v. Earnshaw, 169 Pa. 463."

Another recent statement of the rule appears in Warner-Godfrey Co. v. Sheinman, 273 Pa. 105, 116 Atl. 671. That was a sale of goods designated as "40-inch Florida voile," and the goods tendered were actually only 38 inches in width. The seller was permitted to show that the universal custom among dealers in voile was to describe the width of the goods, as the width of the original gray cloth, in which there was a shrinkage of from 1½ to 2 inches, by the mercerizing and finishing process. In that trade, a "40-inch voile" means one which had originally been 40 inches, but which was, after finishing, only 38 inches wide. In other words, the true meaning of the technical term was permitted to be shown and thus became a part of the contract.

[3, 4] There is no reasonable doubt that the use of the words "basis 22.50" in the contract in suit, is a technical term which needs explanation. Its meaning would not be clear to laymen, but under the averments of the declaration is thoroughly familiar to those in the sugar trade. The declaration avers that, when these words were translated into ordinary language, they meant—

"the price of fine granulated sugar packed in bulk in barrels or 100 pound packages, $22.50 per 100 pounds, and the price of any other grade or package is determined by adding to or subtracting from the said price the amount of the now existing standard trade differential applicable to such other grade or package."

The effect of paragraph 7 is as though the words quoted had appeared in the memorandum in lieu of the trade abbreviation "basis 22.50." By these words the price of any grade or package of sugar is definitely fixed in accordance with the existing standard trade differentials. These fixed differentials are set forth in paragraph 9, and it is averred in paragraph 8 that they obtain throughout the entire trade.

[5, 6] There being but one standard trade differential in each grade or package, the differentials may be shown by parol. See Sugar Refining Co. v. Howell, 274 Pa. 190, 118 Atl. 109; Wm. Whitman & Co. v. Namquit Worsted Co. (D. C.) 206 Fed. 549. It would seem, on principle, that a memorandum is sufficient under the statute, if it contains all of the express contract of the parties. It need not contain those elements which become a part of the obligation by implication of law, of custom, or of past practice. Here the contract consists solely of the written offer and written acceptance, which contain the whole of the express agreement of the parties. All that is essential to make the intent of the parties perfectly clear is the meaning of the words "assortment," "basis 22.50," and the addition of the differential. These, being matters of custom and usage, become part of the contractual obligation, without express reference thereto. This case is easily distinguishable from Sugar Co. v. Howell, 274 Pa. 190, upon which defendant relies. There a judgment was entered for the plaintiff for want of a sufficient affidavit of defense. This was reversed by the Supreme Court because the facts then before the court did not bring the case within the statute. The theory of the pleadings in that case under which it was argued was that the price list attached to the statement of claim, and the memorandum, contained mutual references to each other by which the price list as a document, was thus specifically incorporated by reference into the memorandum; the latter referring to "basis 22.50," and the price list to "basing price 22.50." In that case, there were no averments such as contained in paragraphs 7 to 12, and no such trade usage or technical meaning was before the court. This is conclusively shown by the following excerpt from the court's opinion (274 Pa. at page 196, 118 Atl. 112) as follows:

"The contract not having specified the price, and there being nothing referred to therein from which it can be ascertained, our next inquiry is whether or not, by the customs of the business, the words actually used have a trade meaning which will supply the missing term."

The court then goes on to show that no such custom was averred, and concludes with this statement (274 Pa. 198, 118 Atl. 112):

"Plaintiff frankly admits there is no 'custom of the trade which would make the price list a part of the contract obligation.'"

The decision, therefore, in effect, was that there was not on the face of the documents, sufficient express internal reference between the memorandum and the price list, to incorporate the latter into the former.

In the case before us, the only question is whether the technical words may be explained by proof of the trade usage or custom, when the necessary averments are present, which were absent in the Howell Case. This question admits of but one answer. I have no difficulty in reaching the conclusion that under the pleadings, the writings in question satisfy the statute. The cases of Franklin Sugar Refining Co. v. Sprunks, 23 Lack. Jur. 313, and of Franklin Co. v. Ellsworth, 22 Luz. Leg. Reg. 207, and other Pennsylvania cases, are in harmony with this conclusion.

The questions of law raised by the affidavit of defense being thus adjudged against the defendant, the statutory demurrer must be overruled; leave being granted the defendant to answer the facts averred.