[No. 4788.]

## THE SAN BUENAVENTURA COMMERCIAL MINING AND MANUFACTURING COMPANY ET AL. *v.* FERDINAND VASSAULT ET AL.

ANNUAL MEETING OF STOCKHOLDERS OF A CORPORATION.—A notice of the day, hour, and place of the annual meeting of the stockholders of a corporation to elect a board of trustees, must be given, or such meeting cannot be legally held, unless the stockholders are all present and consenting, either in person or by proxy.

IDEM.—The fact that one of the by-laws of the corporation fixes the day upon which such meeting shall be held, is not a sufficient notice of the time and place at which the meeting will be held.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The San Buenaventura Commercial Mining and Manufacturing Company was a corporation organized in 1866. The 12th article of its by-laws was as follows:

"The annual meetings of the stockholders shall be held on the third Monday in April, at the office of the company in San Francisco.

"All meetings of stockholders shall be called by the president and secretary, by publishing a notice for ten (10) days, Sundays included, in a daily newspaper printed and published in San Francisco, and mailing in the post-office at San Francisco a similar notice, addressed to each stockholder, whose post-office address shall be left with the secretary.

"A majority of the stock represented at any meeting of the stockholders duly called, or at the annual meeting of the stockholders, shall have power to transact business, and to vote to bind the corporation."

The year preceding the third Monday in April, 1872, Conway was president of the corporation. Its capital stock consisted of twenty-five thousand shares of the par value of one hundred dollars each. On the third Monday in April, 1872, at four o'clock P. M., at the office of the company, stockholders representing about six thousand shares met and elected a board of trustees. Other stockholders own-

ing about five thousand shares were present, but refused to vote, although invited to do so. No notice of this meeting was given. The board thus elected assumed to act as trustees during the ensuing year; elected a president and secretary, and, during the year, levied an assessment of one dollar per share, and upon the non-payment of the same by a large number of stockholders, sold their stock and had it bid in by the company. The annual meeting was about to be held on the third Monday in April, 1873, at which the officers claimed the right to exclude from voting those stockholders whose stock had been sold for the assessment, when this action was commenced by the corporation, and some of the stockholders whose shares had been sold, on behalf of themselves and other stockholders who might choose to avail themselves of the benefit thereof, to set aside the sale made of the stock and all contracts made by the corporation during the year, and to enjoin the proposed meeting on the third Monday in April, 1873, and to enjoin the defendants from acting as officers of the company, unless thereafter properly elected. A preliminary injunction was granted. The defendants were the officers elected at the stockholders' meeting in 1872. The court below gave judgment in favor of the defendants, and the plaintiffs appealed.

The other facts are stated in the opinion.

*Crane & Boyd,* for the Appellants.

We submit that in view of the provision of the statute requiring the stockholders' meeting to be called upon such notice as the by-laws shall direct, and of by-law 12, directing that meetings shall be called by the president and secretary, by publishing notices or giving it through the post-office, the pretended meeting on the third Monday of April, 1872, was absolutely void.

The corporation is acting under special and limited powers, and the mode is the measure of the power. (*Zottmann* v. *San Francisco,* 20 Cal. 102; *Gashwiler* v. *Willis,* 33 Cal. 11; *Nicolson Pavement Co.* v. *Painter,* 35 Cal. 700; *Harding* v. *Vandewater,* 40 Cal. 78; *In re Long Island Co.,*

19 Wend. 37; *Wiggin* v. *Freewill Society*, 8 Metcalf, 301; *Stow* v. *Nye*, 7 Conn. 219; *Bethany* v. *Sperry*, 10 Conn. 200.)

*E. D. Sawyer and A. W. Thompson*, for the Respondents.

The trustees of such a corporation shall "be annually elected by the stockholders at such time and place, and upon such notice, and in such mode, as shall be directed by the by-laws of the company." This statute is directory, leaving the question of time, place, notice, and mode of election, to be regulated by the by-laws of the company. It does not require any notice of the annual election, but leaves the question of notice, as well as time, to be fixed by the by-laws. (Hittell Dig., Sec. 5, Art. 936.)

The by-law of the corporation fixes the time and place of the annual meeting of stockholders for the election of trustees, and does not require any notice of the annual meeting to be given. It reads: "All meetings of stockholders shall be called by the president, etc., by publishing a notice ten days. A majority of the stock represented at any meeting duly called, or at the annual meeting of the stockholders, shall have power to transact business, and to vote to bind the corporation."

Here are two kinds of meetings designated by this by-law—called meetings and annual meetings. The notice to be published relates to the called meetings, while the annual meetings are to be held without notice, and there is good reason for the distinction. (Angell & Ames on Cor. 488; *King* v. *Hill*, 4 Barn. & Cress. 426; *Rex* v. *Hoyt*, 6 D. & E. 432; Kyd on Cor. 422.)

By the COURT:

The general question to be determined concerns the validity of the election of Vassault and others as members of the board of trustees of the corporation plaintiff. Several minor questions, supposed to affect the principal question stated, were made at bar. It is claimed that the by-laws of the corporation do not provide for an annual meeting at which less than a majority of the entire stock is

represented, and that such a by-law, even if attempted, is not authorized by the statute. The views we entertain as to the necessity of notice, and the sufficiency of the notice under which the stockholders' meeting in this instance was held, render it unnecessary for us to express an opinion upon the other questions referred to.

The statute (Hitt., Sec. 936) requires that the board of trustees shall be "annually elected by the stockholders, at such time and place, and upon such notice * * * as shall be directed by the by-laws of the company." The plain meaning of this is that the annual meeting cannot, unless *all* the stockholders be actually present and consenting in person or by proxy, be legally held until after notice of the time and place thereof first be given *in some* authentic and legal mode. Here, there was none given, unless we consider that the first clause of the twelfth by-law of this corporation of itself operated the requisite notice. That clause is as follows: "The annual meetings of the stockholders shall be held on the third Monday in April, at the office of the company, in San Francisco."

Conceding that this by-law is notice *per se* that the annual meeting of stockholders will be held on *the third Monday in April of each year*, it is insufficient as a notice of the *point of time during that day* at which the meeting is to be held.

Had the by-law in question provided that the annual meeting should be held in the *third week* of the month of April of each year, it would have been clearly insufficient as a notice of the *time* at which the meeting would be held, and would have been construed as merely directing the proper officers to give notice of a meeting to be held at some specified time during the designated week.

The fact that the by-law here names a *day* upon which, instead of a *week* within which, the annual meeting is to be held, while it may diminish, does not remove the uncertainty as to the time at which it is to be held. A meeting held on that day, at any time within the business hours customarily observed in San Francisco, might be fairly claimed to have been held pursuant to the notice. A body of the stockholders might meet at ten o'clock A. M. of that

day and proceed to transact the business of the annual meeting, including the election of trustees; at a later hour of the same day—say at twelve o'clock M.—another body of the stockholders, it may be representing the actual majority of the stock, might convene and proceed to elect a different board of trustees, and each of these bodies might equally claim to have proceeded pursuant to the notice contained in the by-law of the corporation. In view of the frequent and constantly recurring struggles by different combinations of stockholders to obtain control of the corporate direction, often resulting in serious embarrassment to the corporate interests, it is highly important that the notice should be so definite and certain in its character as to leave no room for controversies such as the one now before us.

The court below held that a meeting of a portion of the stockholders convened on the third Monday of April, 1873, without notice, other than such notice as was operated by the first clause of the twelfth by-law already recited, was regular and legal. The opinion of the court, sent up in the record, refers to the case of *Warren* v. *Mower* (11 Vermont, 385), as an authority in support of its conclusion in this respect. But an examination of that case will show that the question here was not involved there. It could not have been, because the notice to the stockholders given in that case was precisely such a notice as we have determined to be necessary in this case. The charter of the "Green Mountain Woolen Manufacturing Company" provided that the annual meeting of stockholders should be held on the *first Wednesday of April of each year*, and it appeared "that the said annual meeting (in question in that case) was notified by the clerk of the company by leaving at the usual place of business of each member of the company, or by addressing to him by mail, at least ten days previous to said meeting, a written notice that the annual meeting of the stockholders of said company would be held at their counting-room on Wednesday, the 5th day of April then next, *at ten o'clock in the forenoon.*

The only question considered in that case was as to whether at an annual meeting of the stockholders, conceded

to have been regularly held, the proceedings could extend to other than the business usual at such meetings—in that instance the making of a general assignment of the real and personal estate and choses in action of the corporation.

It results from these views that the judgment of the court below was erroneous.

Judgment reversed, and cause remanded with directions to the court below to render judgment for the plaintiffs upon the findings of fact; and for such further proceedings as may be proper, and not inconsistent with this opinion.