[S. F. No. 9238.   In Bank.—May 20, 1920.]

## GUARANTY LOAN COMPANY (a Corporation), et al., Petitioners, v. LOUIS FONTANEL, Respondent.

[1] CORPORATIONS—ANNUAL ELECTION OF DIRECTORS—GIVING OF NOTICE —CONSTRUCTION OF CODE.—Section 302 of the Civil Code, which provides that the directors of a corporation must be elected annually by its stockholders, which election must be held on the first Tuesday in June if a different time therefor has not been fixed by the corporation's by-laws, and that notice of such election, unless waived by all the stockholders in writing, must be given as prescribed in section 301, is the general rule applying to all corporations, and is not to be applied as a special provision relating to notice to be given of the annual election of directors to the exclusion of section 303, which provides a corporation may by its by-laws provide for the time, place, and manner of calling and conducting meetings, and may dispense with notice of all regular meetings of stockholders or directors, and may provide for the qualifications and duties of directors and the time of their annual election, and the mode and manner of giving notice thereof.

[2] ID.—EVIDENCE—REGULAR MEETING OF STOCKHOLDERS—ELECTION OF DIRECTORS.—It is a matter of common knowledge that the only regular meeting of · stockholders of ninety-nine out of one hundred corporations is a meeting held annually at which the directors of the corporation are elected.

[3] ID.—ANNUAL MEETING OF STOCKHOLDERS—ELECTION OF DIRECTORS —DISPENSING WITH NOTICE—RIGHT OF CORPORATION.—While under subdivision 4 of section 303 of the Civil Code a corporation may adopt a by-law prescribing the method of giving notice of the annual meeting of stockholders to elect a board of directors, it may, under subdivision 1, by like by-law dispense with notice.

[4] ID.—INVALID ELECTION OF DIRECTORS—DE FACTO OFFICERS.—Where an election of a board of directors is invalid because of the

failure to give notice of the meeting as required by section 302 of the Civil Code, and the persons elected exercise the functions of such directors and no others claim to be directors, they are at least *de facto* officers, and as such their authority cannot be questioned collaterally, and their right to the offices can only be tested in a *quo warranto* proceeding or by the method provided by section 803 of the Code of Civil Procedure.

[5] ID.—ATTENDANCE AND PARTICIPATION IN MEETING—WAIVER OF IRREGULARITY IN CALL.—Attendance and participation in a meeting by all stockholders is a waiver of any objection either to the regularity of the call or place of meeting.

[6] ID.—DELIVERY OF PROPERTY PERTAINING TO OFFICE OF SECRETARY—MANDAMUS—INVALIDITY OF MEETING—ESTOPPEL OF SECRETARY.—Where a stockholders' meeting was attended by all of the stockholders of record with the exception of three who were not present, because of the wrongful refusal of the secretary to transfer their stock into the names of three others who were present, the secretary in a *mandamus* proceeding to compel delivery to his successor of the seal, books, records, and other property pertaining to the office cannot take advantage of his own wrong and deny the validity of the meeting.

[7] ID.—INELIGIBILITY OF DIRECTORS—ESTOPPEL.—In such proceeding, the respondent cannot urge the objection that the newly elected board of directors were ineligible, where based upon the wrongful refusal of the secretary to comply with a legal demand for the transfer of stock to their names.

APPLICATION for a Writ of Mandamus to compel the delivery of property pertaining to the office of secretary of a corporation.    Granted.

The facts are stated in the opinion of the court.

Arthur Joel for Petitioners.

Arthur H. Redington and Albert J. Dibblee for Respondent.

Fabius M. Clarke, *Amicus Curiae.*

The following opinion was prepared by Mr. Justice Kerrigan of the district court of appeal of the first appellate district while acting as justice *pro tempore* in this court in place of Mr. Justice Melvin.    It is adopted as the opinion of this court:

THE COURT.—Application for a writ of mandate directed to respondent, Louis Fontanel, commanding him to deliver to petitioners the seal, books, records, and other personal property pertaining to the office of the secretary of the Guaranty Loan Company, a corporation, of which Bernard E. Tormey is alleged in the petition here to be the secretary.

The parties to this proceeding have stipulated as to the main facts of the case, and, so far as they are essential to a determination of the questions herein involved, they may be summarized as follows:

The Guaranty Loan Company is a corporation having an issued and outstanding capital stock of 324 shares. The Goewey Estate Company is also a corporation with an outstanding capital stock of one thousand shares, one-fifth of which is owned by Charles Goewey. The Estate Company is what is commonly called a holding company, owning and holding all of the stock of the Guaranty Company with the exception of three shares which stand of record, one in the name of Charles H. Goewey, one in the name of Louis Fontanel, and the remaining share in that of Richard P. Roberts. These last-mentioned shares were also actually owned by the Estate Company, but had been placed of record in the names of the persons mentioned for the purpose of qualifying them to hold office as directors of the Guaranty Company. The certificates of these three shares had prior to May 26, 1919, been indorsed by their respective holders and delivered to the Goewey Estate Company.

The by-laws of the Estate Company provide that the annual meeting of the stockholders shall be held upon a given day in April of each year for the election of directors and such other business as may come before it. They also provide that no notice of such meeting need be given.

The annual meeting for the year 1919 was convened upon April 14th without any notice to the stockholders by publication or otherwise, and six hundred of the one thousand outstanding shares were represented thereat. The meeting, however, was adjourned to April 17, 1919, at which time all of the stock of the corporation was represented either by the presence of its owner or by proxy. Upon the announcement by the presiding officer that the next business before the meeting was the election of directors to serve for the

ensuing year, the proxy for Charles H. Goewey entered a protest against the holding of the meeting upon the ground that no notice thereof by publication had been given. This protest being disregarded, said proxy withdrew from the meeting. The stockholders remaining in attendance thereupon unanimously elected Walter H. White, R. M. Briare, and B. E. Tormey as directors to succeed Charles H. Goewey, Herbert S. Goewey, and Ansen Herrick, directors at that time. There was also adopted a resolution ordering the newly elected directors to cause to be transferred on the books of the Guaranty Company the three shares of stock formerly held by and still standing on the books of the corporation in the names of Goewey, Fontanel and Roberts, to White, Briare, and Tormey, one share to each. In accordance with this resolution the new directors of the estate company did on April 20, 1919, demand of Louis Fontanel, as secretary of the Guaranty Company, that he make said transfer, but this Fontanel then and ever since has refused to do. On said seventeenth day of April, 1919, the new directors of the Estate Company having organized by the election of R. M. Briare as president and Walter H. White as secretary, also adopted a resolution directing its president and secretary, on behalf of said corporation, as a stockholder of the Guaranty Company, to call a meeting of the last-named corporation for the purpose of removing from office its board of directors and electing new directors in the event the old board was so removed. Thereupon, and in pursuance of said resolution, said officers of the Goewey Estate Company, acting on behalf of the corporation as a stockholder of the Guaranty Company, prepared a call for a meeting of the stockholders of the Guaranty Company to be held on May 26, 1919, for such purpose, addressed it to Louis Fontanel, as secretary of the Guaranty Company, requesting that he give notice of such a meeting and of its purpose as required by law, with which request or demand Fontanel refused to comply. On the twenty-third day of May, 1919, the office of the Guaranty Company being at that time at room 606 Bank of Italy Building, San Francisco, its directors, consisting of Messrs. Goewey, Roberts, and Fontanel, passed a resolution changing its meeting place to an office at No. 809 Kearny Street.

The meeting of the stockholders of the Guaranty Company for the purpose of removing its directors was held without published notice thereof in the office of the company in the Bank of Italy Building, and Charles H. Goewey had no notice thereof. The 321 shares owned by the Estate Company were represented thereat; and Briare, White, and Tormey, claiming to represent the remaining three shares of the outstanding stock of the company—the transfer of which to their names from the names of Goewey, Roberts, and Fontanel had been refused by the respondent—were also present. At this meeting a resolution was adopted removing the board of directors, and thereupon White, Briare, and Tormey were elected as directors in their place. Immediately afterward the new board of directors proceeded to organize by the election of Briare as president and Tormey as secretary. Three days thereafter, at a meeting of the new board of directors, held, however, at a place other than the Bank of Italy Building or 809 Kearny Street, White resigned as director, and J. W. Treadwell was appointed by the other two directors to fill the vacancy. On June 25, 1919, the board of directors as thus constituted adopted a resolution changing the office of the company back to the old location in the Bank of Italy Building.

Under the by-laws of the Guaranty Company the date for holding the annual meeting of stockholders fell on July 10, 1919, and a notice of this meeting was published by both the old and the new board of directors, the former designating 809 Kearny Street as the meeting place, and the latter stating that it would be held at room 607 Bank of Italy Building. A meeting was in fact held at each of these places. The one called by Fontanel lacked a quorum and adjourned for that reason. The meeting called by Tormey was attended by the proxy of the Estate Company appointed by its new board of directors, and there was thus represented at that meeting the 321 shares of stock standing of record on the books of the Guaranty Company in the name of the Estate Company. There were also present at the meeting Treadwell, Briare, and Tormey, and they were elected directors. Thereupon they organized, and the petitioner Tormey was chosen as secretary. Shortly thereafter Tormey made demand on Fontanel for the books and records of the Guaranty Company in his custody. With

this demand Fontanel refused to comply, claiming that the property thus demanded was properly in his custody and control as secretary of the company.

The by-laws of the Guaranty Company provide that no transfer of stock shall be valid until recorded in the books of the corporation. They also provide that each director shall hold one or more shares of stock of record in his name on the books of the corporation.

Respondent, upon the facts as stated, contends that the annual meeting of stockholders of the Estate Company was invalid because no notice was given as prescribed by section 301 of the Civil Code, such notice not having been waived by all of the stockholders in writing, and that the election of directors which took place at that meeting was, therefore, void; that consequently such directors were without authority to call the special meeting of the Guaranty Company, which was therefore invalid, and for the further reason that Fontanel having refused to call it, and the alternative method for calling such a meeting prescribed by section 301 of the Civil Code not having been followed, no proper or any notice thereof was given. He also claims that, the annual meeting of the stockholders of the Guaranty Company held in the Bank of Italy Building on July 10th was invalid, first, because it was not held at the office of the company, and, second, because it was not held in response to a call of the company's secretary, Fontanel. Finally, the contention is made that the persons elected as directors at this meeting were ineligible to hold that office because they were not stockholders of record of the company.

We will first consider the asserted invalidity of the election of directors of the Goewey Estate Company at the stockholders' meeting of April, 1919, upon the ground that the notice thereof required by section 302 of the Civil Code was not given.

That section provides that the directors of a corporation must be elected annually by its stockholders, which election must be held on the first Tuesday in June if a different time therefor has not been fixed by the corporation's by-laws. Notice of this election, unless waived by all the stockholders in writing, must be given as prescribed in section 301 of that code and which notice, generally speaking, is by

advertisement in a newspaper. Having laid down this
general provision, however, the legislature by section 303
has empowered corporations to make by-laws governing
various matters, among them being the time of the annual
election of directors and the method of giving notice thereof,
and also permits the adoption of a by-law dispensing with
the necessity of giving notice of regular meetings of stock-
holders or directors. Part of the language of this section
may with advantage be quoted:

"303. A corporation may, by its by-laws, where no other
provision is specially made, provide for:

"1. The time, place, and manner of calling and con-
ducting its meetings, and may dispense with notice of all
regular meetings of stockholders or directors. . . .

"4. The qualifications and duties of directors, and also
the time of their annual election, and the mode and manner
of giving notice thereof. . . . "

Purporting to act under the authority conferred by this
section, the Goewey Estate Company by its by-laws fixed
the second Tuesday in April at 2 o'clock P. M. as the time
for holding the annual election of directors at a meeting to
take place on said day each year, and also dispensed with
notice of regular meetings of stockholders and directors
and, accordingly, as we have seen, held its election of
directors for the year 1919 at a meeting of stockholders in
the month of April of that year. The respondent's con-
tention that this election of directors was invalid is based
upon a construction of these two sections which would hold
that the by-laws of a corporation cannot provide for the
method of giving notice of the annual election of directors,
nor dispense with notice of the meeting at which such elec-
tion is held, because of the presence in section 303 of the
words "where no other provision is specially made." He
contends that section 302 above referred to contains just
such a special provision relating to the notice to be given
of the annual election of directors of a corporation, and
that such special provision is to be applied to the exclusion
of anything contained in section 303.

[1] We cannot agree that this is the construction which
should be given to the two sections, and for two reasons:
First, that in the matter under consideration, namely, the

time, place, and manner of holding the annual election of directors of a corporation, section 302 is plainly the general rule upon the matter, applying to all corporations, unless and until they take advantage of the provisions of section 303 and adopt by-laws covering the same matter in a different manner; and, second, that the construction contended for by the respondent would entirely nullify subdivision 4 of the last-mentioned section, and should therefore be avoided if possible.

While subdivision 4 provides that a corporation may by its by-laws prescribe a method of giving notice of the annual election of directors different from the one found in section 302, subdivision 1, in the same section also provides that notice of all regular stockholders' and directors' meetings may be entirely dispensed with. The Goewey Estate Company having adopted a by-law dispensing with notice of such meetings, under which by-law it proceeded in the present instance, the question arises whether the annual meeting of the stockholders for the election of directors is a regular stockholders' meeting. [2] In resolving this question we cannot ignore the fact that it is a matter of common knowledge that the only regular meeting of stockholders of ninety-nine out of one hundred corporations is a meeting held annually at which the directors of the corporation are elected. [3] Consequently, while under subdivision 4 of this section the corporation may adopt a by-law prescribing the method of giving notice of such annual election, under subdivision 1 thereof it may by like by-law dispense with notice. This is a procedure frequently followed; and while its wisdom may be doubted as tending to weaken the intimacy of stockholders with the affairs of corporations in which they have a pecuniary interest, it appears to be justified by the language of the code provision under consideration.

[4] A further answer to the respondent's contention as to the invalidity of this election of directors is that conceding for the sake of argument such invalidity, the persons elected exercised the functions of such directors and there was no other set of men claiming to be directors. Under these circumstances they were if not *de jure* certainly *de facto* the board of directors, and as such their authority could not be questioned collaterally, and their right to the

offices claimed and exercised by them could only be tested
in a *quo warranto* proceeding, or by the method provided by
section 803, of the Code of Civil Procedure. (*Potomac Oil
Co.* v. *Dye,* 10 Cal. App. 534, 539, [102 Pac. 677]; 2 Cook
on Corporations, sec. 619.)

If, as we hold, the election of directors of the Goewey
Estate Company held at the stockholders' meeting of April,
1919, was valid, it follows that the other contentions of
the respondent, in so far as they are based upon the alleged
invalidity of such election, are untenable. Those conten-
tions are that the following acts done by said board of
directors, or by Tormey, their secretary, were void and with-
out effect, namely, the appointment of Tormey as secretary;
his demand, as such secretary, upon respondent as secretary
of the Guaranty Company, upon presentation of the certi-
ficates of stock in the latter corporation duly indorsed by
Goewey, Roberts, and Fontanel, to transfer the same into
the names of White, Tormey, and Briare, and the demand
upon Fontanel to call a special meeting of the Guaranty
Company for the purpose of removing the board of directors
thereof.

This leaves for consideration the contentions of the re-
spondent that the special meeting of the Guaranty Com-
pany was not regularly called and that it was not held
at the office of the company; hence that the ousting of
its board of directors and secretary was ineffectual; that
as to the annual meeting of stockholders of this com-
pany, at which Treadwell, Briare, and Tormey were elected
and the latter appointed secretary, all its proceedings were
void, since the said meeting was not held in response to
the call of the secretary (Fontanel), and was not held at
the office of the company, and that the directors elected
thereat were not eligible to hold such office, not being stock-
holders of record.

[5] Admitting for the sake of argument the justness of
respondent's criticisms of both the special and general meet-
ings, those meetings were nevertheless valid if attended and
participated in by all the stockholders of the company.
Such attendance and participation would be a waiver of any
objection, either to the regularity of the call or to the place
of meeting. (*San Buenaventura etc. Co.* v. *Versault et al.,*

50 Cal. 534, [Ann. Cas. 1916E, 1040, note].) The question presents itself, therefore, as to whether or not these meetings were so attended.

The stipulation as to the facts in this case shows that the meetings in question were attended by all of the stockholders of the company of record with the exception of Fontanel, Goewey, and Roberts. As to these three, they were not the beneficial owners of the stock standing in their names, and a demand had previously been made upon the corporation through its secretary for a transfer of their stock into the names of three others, and these latter were present at the meetings. If the demand upon the company for the transfer of these shares of stock was a legal demand (and we have seen that it was), which should have been complied with by Fontanel, as its secretary, then the situation is that these meetings were attended by all stockholders entitled to be present thereat, and that where the stock of any person present was not of record in his name, the lack of such record was due to the wrongful refusal of the respondent to make the transfer upon the company's books.

[6] Now, it is true that both by the provisions of the code and the by-laws of this particular company it was not in general required to recognize as a stockholder any person who did not appear on the books of the company as such; but in this particular case, the refusal of the respondent to make the transfer being wrongful, the fact is that the three record owners of stock who were not present at the meetings were such only because of the wrong of the respondent, acting as secretary of the company. To permit him under these circumstances to deny the validity of these meetings on the grounds now being considered would be to permit him to take advantage of his own wrong. This he cannot do. The case comes clearly within the equitable maxim that acts will be considered as done which ought to have been done; so that as between the old board of directors and its secretary on the one side, and the three owners of stock whose demand for its transfer had been refused on the other, the case should be treated as if the latter were stockholders of record, since the fact that they were not is due

solely to the wrongful refusal of an officer of the corporation to make them such.

[7] The objection of the respondent that the newly elected board of directors of the Guaranty Company were ineligible to that office is disposed of, we think, by applying to it the same principle to which resort has just been had. If those gentlemen were not stockholders of record of the company it was because of the wrongful refusal of ·the respondent to comply with a legal demand for the transfer of stock to their names. He cannot therefore be heard to urge such ineligibility.

This disposes of the points made by the respondent. Let a peremptory writ of mandate issue, commanding said respondent, Louis Fontanel, to turn over to the petitioner the seal, books, papers, records, and other personal property pertaining to the office of secretary, or belonging to said corporation petitioner.

Olney, J., Shaw, J., Lennon, J., Wilbur, J., Lawlor, J., Angellotti, C. J., and Sloane, J., concurred.