554

JOHN EGGERT et al., Plaintiffs, v. PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation) et al., Respondents; HARLEY HISE, as Building and Loan Commissioner et al., Appellants.

George S. Dennison, W. G. Harmon and Alan G. Campbell for Appellants.

O'Melveny & Myers, Louis W. Myers, Pierce Works and W. B. Carman, Jr., for Respondents.

McCOMB, J.—From an order directing appellant Building and Loan Commissioner to pay respondent's attorney's fees in the sum of $36,270, together with costs and expenses advanced by said counsel, in an action wherein respondent resisted an attempt to place a trust upon assets which had been transferred to respondent Fidelity Savings and Loan Company, appellant* appeals.

So far as material here, the undisputed facts are:

May 23, 1931, Fidelity Savings and Loan Company (hereinafter referred to as Fidelity) transferred all of its assets to the respondent, Pacific States Savings and Loan Company (hereinafter referred to as Pacific States), pursuant to a written agreement, which provided among other things that Pacific States should issue to Fidelity or its investors approximately $23,000,000 of so-called Fidelity Definite Term Certificates and approximately $7,500,000 nominal value of Fidelity Participating Certificates. The definite term certificates were to be paid five years after the date of the agreement and to bear interest at 6 per cent. The participating certificates were to be paid out of any net proceeds which were to be realized from the subsequent operation and disposition or other "valuation" as defined in the agreement, by Pacific States of the acquired assets.

The term of the original agreement was for five years or to May 23, 1936. By supplemental agreement the maturity date of the certificates was extended to May 23, 1938.

June 17, 1931, appellant as Building and Loan Commissioner of the State of California took possession of the assets of Fidelity which consisted solely of the Master Fidelity Definite Term Investment Certificate and the Master Fidelity Participating Investment Certificate issued under the agree-

---

*At the time the present action was instituted Ralph W. Evans was Building and Loan Commissioner for the State of California. After the transcript was filed herein he resigned as such commissioner and Harley Hise was duly appointed and qualified in his place and stead and by appropriate proceedings has been substituted as intervener and appellant in this case.

ment of May 23, 1931, between Fidelity and Pacific States, and of any rights of Fidelity under said agreement.

After execution of the agreement, holders of Fidelity investment certificates exchanged them for definite term and participating certificates to such an extent that the face amount of the master certificates held by appellant is approximately $750,000. Pacific States did not pay the definite term certificates in full on May 23, 1936, or at any time thereafter. October 28, 1938, holders of Fidelity definite term certificates and Fidelity participating certificates brought the present action against Pacific States to obtain a declaration that the agreement of May 23, 1931, between Fidelity and Pacific States did not constitute an outright sale but in fact constituted a transfer in trust for the benefit of plaintiffs. March 4, 1939, appellant as Building and Loan Commissioner for the State of California took possession of the assets of Pacific States. March 6, 1939, pursuant to section 13.12 of the Building and Loan Association Act, Pacific States commenced an action in the Superior Court in and for the City and County of San Francisco, contesting the action of appellant in taking possession of its assets. October 30, 1939, pursuant to the same section appellant filed in said superior court a written notice of his determination to liquidate Pacific States. March 16, 1939, appellant filed a complaint in intervention in the present action. The main question presented remained the same as before the intervention, to wit: Did the transfer of assets from Fidelity to Pacific States by the agreement of May 23, 1931, constitute an outright sale of the assets of Fidelity to Pacific States or a transfer in trust for the benefit of Fidelity, its creditors, and certificate holders?

July 7, 1941, the trial court held in favor of plaintiffs' contention that the agreement constituted a transfer in trust for the benefit of Fidelity, its creditors, and certificate holders, and, pursuant to appropriate petition of Pacific States, made the following finding, upon which is predicated the order here questioned:

"2. The above entitled action was defended by Pacific States through its counsel of record, the firm of O'Melveny & Myers, in good faith and on reasonable grounds. The defense of said action was necessary for the proper protection and preservation of the business, properties and assets of Pacific States in the possession of intervener Ralph W.

Evans, and said defense inured directly to the benefit of said business, property and assets in the possession of said intervener as Building and Loan Commissioner of the State of California and as well to the benefit of, primarily, the creditors and certificate holders of Pacific States and, secondarily, petitioner itself.

"3. Ralph W. Evans, intervener herein, heretofore intervened and appeared herein in the several capacities of (a) Building and Loan Commissioner of the State of California, (b) statutory liquidator of Fidelity Savings and Loan Association, (c) Fidelity trustee under order of this court dated on or about December 30, 1931, and (d) Building and Loan Commissioner in possession of the business, properties and assets of Pacific States. Said intervener in his various capacities has acted throughout the course of said action as a neutral and did not defend the above entitled action either on behalf of Pacific States, its business, properties and assets, or its creditors or certificate holders, or otherwise or at all.

"4. The reasonable value of the services rendered Pacific States, its business, properties and assets, and as well its creditors and certificate holders, in the defense of said action by said firm of O'Melveny & Myers was and is the sum of $36,270.''

Appellant urges for reversal of the order two propositions, which will be stated and answered hereunder seriatim.

■ *First: The Superior Court of Los Angeles County is without jurisdiction to direct appellant to pay attorney's fees of respondent's counsel from the assets of Pacific States.*

This proposition is untenable. Appellant after taking possession of the assets of Fidelity and Pacific States, occupied the status of trustee of the assets of each of said corporations (*Evans v. Superior Court*, 14 Cal. (2d) 563, 573 [96 P. (2d) 107]), and it was his duty as such trustee to take all reasonable means for the protection of these assets for the benefit of the respective corporations, their stockholders, investment certificate holders, and creditors. Hence, when plaintiffs sought to have a trust imposed upon certain assets of the Pacific States, it was appellant's duty to defend against this attempt to impress a lien upon the assets of the trust which he was administering. Hence, he properly voluntarily intervened in the present action and thereby the court acquired jurisdiction in personam over appellant, which conferred upon the court plenary powers with reference

to all matters directly or incidentally arising with respect to the present litigation. (*Title Insurance & Trust Co.* v. *California Development Co.*, 171 Cal. 173, 197, et seq. [152 Pac. 542].)

■ *Second: The trial court has no authority in an action| of this nature to fix or allow respondent's attorney's fees.*

This proposition is also untenable. It is the general rule that, where for any reason a trustee fails to protect trust assets from adverse claims, a beneficiary may do so and may be awarded counsel fees out of the trust assets, if the defense is conducted in good faith and on reasonable grounds. (*Trustees* v. *Greenough*, 105 U. S. 527, 532 [26 L. Ed. 1157] ; see, also, Beach on Trusts and Trustees (1897), vol. 2, 1599, § 698.) See, also, for the application of the same principle to an analagous situation. (*Anderson* v. *Great Republic Life Insurance Co.*, 41 Cal. App. (2d) 181, 190 [106 P. (2d) 75].) A different rule does not apply, even though the beneficiary is unsuccessful in the litigation. (*Dingwall* v. *Seymour*, 91 Cal. App. 483, 513 [267 Pac. 327].)

In the present case appellant as trustee of the assets of both Fidelity and Pacific States found himself on both sides of the present litigation with conflicting interests. It was to the interest of Fidelity that plaintiffs be successful; on the other hand, it was to the interest of Pacific States that respondent prevail. Therefore, appellant properly, after intervening in the action, remained neutral as between the conflicting claims and permitted respondent through its counsel to continue to contest the claim of plaintiffs. Plaintiffs were suing not as creditors of the Pacific States but as beneficiaries of an independent trust upon which they sought to impress a claim superior to any claim of the beneficiaries of the trust which appellant was administering as trustee of the Pacific States assets. In view of the nature of plaintiffs' claim, the case of *In re Pacific Coast Building-Loan Association,* 15 Cal. (2d) 155 [99 P. (2d) 261] has no application, because in such case there was a contest between beneficiaries, both claiming under a single trust, while in the present case the parties had conflicting claims under independent trusts. Such case is likewise distinguishable from the present case, for the reason that in the Pacific Coast Building and Loan Association case, *supra,* the commissioner was in fact neutral, having no interest on either side but acting purely in his administrative capacity, while in the present case appel-

lant had directly conflicting interests on both sides of the litigation.

Applying the above rule to the facts of the instant case, since the trial court found, and it is not questioned that appellant remained neutral throughout the trial, that it was necessary for the best interests of respondent that the action be defended, and that it was defended in good faith and on reasonable grounds, it was proper for the trial court to award respondent counsel fees, costs, and expenses of the litigation.

For the foregoing reasons the order is affirmed.

Moore, P. J., concurred.

A petition for a rehearing was denied August 17, 1942, and appellant Hise's petition for a hearing by the Supreme Court was denied September 21, 1942.