[Civ. No. 16911.   First Dist., Div. Two.   Jan. 11, 1956.]

Estate of ROBERT RUSSELL SIDEBOTHAM, Deceased. W. A. ROBISON, as Administrator, etc., Appellant, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Frank J. Fontes, Delger Trowbridge and Theodore M. Monell for Appellant.

Morris Lowenthal and Juliet Lowenthal for Respondents.

NOURSE, P. J.—Appeal from an order of the probate court, given on a petition of the public administrator, as administrator of the above entitled estate asking for instructions as to his right to use the moneys in his possession as assets of said estate for the payments of costs and counsel fees—including a daily transcript—in a certain pending litigation, instructing petitioner not to disburse any of said moneys in the defense of said action.

The petition showed that an action had been filed to impress a trust on behalf of a large number of persons, called in the action "O. A. Arthur et al.," on all assets of the estate in the hands of petitioner. (The action is a representative suit by and in behalf of the members of an association who claim that said assets were diverted by decedent and another defendant from the purposes of the association for which they had been furnished by the members.) The petition alleges that the plaintiffs in said action assert that no funds in the hands of petitioner can be used in the defense of said action and that they will try to enforce a personal liability

for the use of such funds for such purpose because said funds are trust funds, the expenditure of which is unauthorized, contrary to law and in excess of the jurisdiction of the court. At the hearing of said petition on April 25, 1955, Mr. Trowbridge, special counsel appointed to defend the action, appearing as witness for the administrator presented a partial statement of costs incurred in the amount of $21.65 and testified that merely for costs, aside from any counsel fees, an amount of $1,000 should be available to the defending attorneys for traveling expenses and the taking of depositions to check the evidence of numerous plaintiffs and hundreds of exhibits. Mr. Lowenthal, attorney for plaintiffs, objected to the petition. He stated as his position, without presenting any evidence, that there were other attorneys defending the case for other defendants; that plaintiffs, heard as witnesses, had established a large part of the claim and that a trust as to all would be established; that no depositions had to be taken because the evidence consisted of written documents; that too much ($10,000) had already been expended for attorneys' fees in the estate; that expenditures should await the outcome of the case: "If the money belongs to the trust, nothing can be paid at all"; that Mr. Trowbridge had been engaged by two sons of deceased and was actually still their attorney (this was not conceded by Mr. Trowbridge) and that the same should incur the obligation to counsel for the defense. Mr. Trowbridge pointed out that petitioner was not requesting attorneys' fees, but Mr. Lowenthal stated that the same applied to costs, as to which thousands of dollars had been paid for useless accountants' reports and investigators' interviews and that the stated requirements as to costs were too vague.

On May 4, 1955, the court gave a minute order "that no payments be made until the further order of the court" and on May 9 filed the formal order, from which the appeal is taken. The order recites an objection of Mr. Lowenthal, attorney of plaintiffs only "on the ground that all of the assets of the estate are trust funds and not part of the estate of said decedent, and that the court is without any jurisdiction to take any action to allow either costs or counsel fees or expenses out of trust funds." The evidence of Mr. Trowbridge is stated. The court further finds that the estate in this jurisdiction amounts to approximately $100,000, that according to the belief of petitioner there is moreover more than $25,000 in other jurisdictions, and that the ownership of the moneys in the possession of the petitioner has not been

finally determined. The order then denies "the application for an order of this court authorizing the disbursement of any costs or counsel fees for any said purposes" and instructs petitioner not to disburse any moneys of the estate to defend the action of O. A. Arthur et al.

Appellant urges that the administrator is under duty to defend the assets in his possession from attack by legal action, even though they may be claimed as trust assets by strangers to the estate and that the administrator is entitled to have reimbursement of the reasonable costs of such defense out of the funds in his hands even if the defense is unsuccessful and the funds are found to be trust funds. The order denying the administrator the use of any and all funds for the defense of said action is urged as error either as a refusal to exercise the court's discretion in the matter or as an abuse of said discretion. Appellant does not ask this court to exercise its judgment on what are proper expenditures, or whether a "daily transcript" is proper or to allow any counsel fees but to reverse the order and to direct the trial court to allow proper expenses in its discretion. The plaintiffs in the "Arthur et al." action, as respondents, concede that the administrator should not be prevented from defending the action and that the probate court has power to instruct him to use for that purpose funds in his hands, but they contend that the order attacked does not correctly express the intention of the trial court, that the trial court intended only to decide in its discretion that the need for further expenses had not properly been shown and that therefore authorization was denied without prejudice to the administrator's right to have such authorization on a further showing. Respondents support the denial of authorization with extensive factual contentions of the same tenor as stated at the hearing below.

It is obvious that we cannot consider the contention outside the record that the order does not express the true intention of the court. An analysis of the order itself shows that the only recitals which can be considered as intended to give a motivation of the order are the contention of respondents that no trust funds may be used for the defense of the action and the finding that the ownership of the moneys in the possession of the petitioner has not been finally determined. These were the reasons given by the administrator in his petition for the desirability of his obtaining instructions. The order therefore seems to sustain the contentions of respondents recited in the petition and in the order and stated by

Mr. Lowenthal for respondents at the hearing in somewhat vaguer terms among other arguments not recited in the order. At any rate the order contains no indication whatever of a conditional and dilatory character as contended by respondents.

The duty of the administrator of an estate as such to defend against a claim that part of the funds found in the hands of the decedent were trust funds is clearly expressed in *Elizalde* v. *Murphy*, 11 Cal.App. 32, 36-37 [103 P. 904], where the issue was whether the sureties on the administrator's bond were responsible to the estate for the alleged trust fund so long as the action in which it was claimed remained pending. It was there said:

"While, as was said in the department opinion in *Elizalde* v. *Elizalde*, 137 Cal. 634, 642, [66 P. 639, 70 P. 681], property held by a decedent in trust is not a part of his estate, and cannot be applied in satisfaction of his debts, or form a portion of his estate to be distributed to his heirs, and no presentation of a claim is required before the claimant of such trust property can maintain an action therefor, nevertheless, *the administrator of the estate is not released from his duty to maintain the right of the estate to such property until it has been finally judicially determined that it is not the property of the estate.*

". . . 'It may often happen that a personal representative takes possession of funds which may be proved to be trust funds without any knowledge that such is the fact. Not knowing the fact, it would be his duty to resist, on behalf of the heirs, legatees and creditors of the estate, any attempt to deprive it of a part of its assets. *That is, he is bound to assume for this purpose that the trust fund constitutes a part of the assets of the estate.'*

"If Graves as administrator had prevailed in the action brought by the incompetent, there is no question that the fund would have remained a part of the assets of the estate and that defendants would have been responsible for its preservation by him. If Graves had lived and continued as administrator and the action remained pending, as it does, *it cannot be doubted that it would have been his duty, as administrator, on behalf of the estate, to continue to defend against the claim. Unquestionably he would have been administering the estate in respect to this fund.*" (Italics ours.)

This duty is part of his general duty to protect and defend the estate and to conserve its assets (20 Cal.Jur.2d 336 et seq., § 226), and if property would be lost for the estate

because of his failure to defend an action his accounting may be attacked on that ground. (*Estate of McSweeney*, 123 Cal.App.2d 787, 795 [268 P.2d 107].) ██ However, a representative is not required to advance his own funds for the protection of the assets of the estate, although he is entitled to reimbursement if he does so for a necessary purpose (20 Cal.Jur.2d 352 et seq., § 233). ██ He must therefore normally use the assets of the estate for such purpose and he may assume also for said purpose that an alleged trust fund constitutes a part of the assets of the estate, until it has been finally judicially determined that it is not part of the estate (except when no defense to the existence or imposition of a trust can be made in good faith). ██ He will be entitled to credit on his accounting in the estate for moneys properly spent in the defense of an action even if such action might finally be lost by him. (*Eggert* v. *Pacific States Sav. & Loan Co.*, 53 Cal.App.2d 554 [127 P.2d 999].)

If the administrator has to defend in a long trial some expenses will normally be necessary and the prohibition from using any funds must mean that either there must be no active defense or the money for the defense must be advanced by the administrator or sought elsewhere. ██ If money has been squandered that may be a ground to hold the administrator or his attorneys responsible for such action if possible, but it does not obligate them to bear the necessary costs of further proceedings. ██ If there are other good lawyers defending for other defendants who have no conflicting interests, that may be a reason to combine so as to diminish expenses, but it does not free the administrator from participating in the defense and its costs. There is no contention that in good faith there is no basis for any defense. ██ Hence it is error by an unlimited and absolute prohibition to deprive the administrator of all use of the funds in his hands for the defense of the action instituted against him. In so holding we do not express any opinion with respect to the position in which the administrator would be in relation to the respondents, in case they might finally succeed in imposing a trust on all the assets of the estate, irrespective of whether the administrator had used such funds properly in opposing the trust with or without authorization of the probate court.

We are aware of the extensive power of control of the probate court over the administrator. In *County of Los Angeles* v. *Morrison*, 15 Cal.2d 368, 371 [101 P.2d 470, 129 A.L.R. 443], it is said: "The probate court or judge is the

guardian of estates of deceased persons and all proceedings are under the direction of the judge. An executor or administrator derives his power to act from the order of the court." In *Estate of Palm,* 68 Cal.App.2d 204, 212 [156 P.2d 62], this is quoted with the following addition: "Of course a representative of an estate may be specifically authorized by statute, or be given implied authority of law for the preservation of the estate, to perform many acts without first procuring orders of the court therefor, but ordinarily such acts are subject to the approval of the probate court." Under such rule the court would have power to prohibit the spending of money for defense of an action until its necessity were shown to it. The circumstances urged by respondents, that money allegedly has been squandered for unnecessarily high costs and attorneys' fees, that other defendants were defending the case anyway, that depositions and investigations had not been used in a proper manner and that further expenditure for these purposes was unnecessary might possibly justify the prohibition of the use of estate funds for certain specific purposes, or until the need of specific expenses was shown to the court, but does not justify an absolute and unrestricted prohibition as is contained in the order.

Appellant has not cited us any authority for his contention that we should direct the probate court to exercise its discretion in authorizing proper expenditures in advance. The giving of instructions under section 588 of the Probate Code is permissive only. In *In re Pearsons,* 98 Cal. 603, 610 [33 P. 451], it was said: "It may have been prudent for the executor to seek in advance instruction upon his duties in these respects, but the court was at liberty to give it or not, and the exercise of its discretion in declining to give it, is not subject to review or comment." In our case the court below has before authorized expenditures in advance and has now made a too stringent order forbidding such expenditures. Whether it wishes also further to decide in advance which expenditures will be proper and which not, or whether it prefers to have appellant act on his own conviction as to what is proper and review his action afterwards, is also a matter of said court's discretion.

The order is reversed.

Dooling, J., and Kaufman, J., concurred.