[Civ. No. 24875. Second Dist., Div. Two. June 29, 1961.]

CATHERINE E. GRANT et al., Plaintiffs and Appellants, v. HARTMAN RANCH COMPANY (a Corporation) et al., Defendants and Appellants; MRS. FRED HARTMAN et al., Interveners and Respondents.

*Assigned by Chairman of Judicial Council.

498

Johnston, Lucking & Henson, William A. Lucking, Jr., Edward Sumner and R. E. Montague for Plaintiffs and Appellants.

Brady, Nossaman & Walker and Joseph L. Wyatt, Jr., for Defendants and Appellants.

Johnston, Lucking & Henson, William A. Lucking, Jr., Durley, Todd, Cearnal & Marshall and Dale Cearnal for Interveners and Respondents.

McMURRAY, J. pro tem.*—This is an appeal on the judgment roll by the corporation and certain of its shareholders

---

*Assigned by Chairman of Judicial Council.

who are appealing as individuals and as trustees of an attempted trust which the trial court found to be ineffectively created. An action seeking declaratory relief was originally brought by Catherine E. Grant against the various appellants, praying that the court declare, among other things, whether or not the Hartman Ranch Company had been liquidated and dissolved and whether or not plaintiff had a right of inspection of the company's books.

In the pretrial order, it was recited that Teresa Hartman and Alfred Hartman were in a similar situation as was the plaintiff and they were thereafter joined as parties plaintiff as was contemplated in that order. It was also recited in that order that Mr. Fred Hartman, Ann E. Donlon and Robert Hartman had similar interests as did the individual defendants and thereafter they were permitted to intervene in the action; this resulted in all the shareholders of the defendant corporation being parties to the action.

At the conclusion of the trial, the court made findings of fact and conclusions of law generally in the plaintiffs' favor. Among those findings and conclusions were the following: that the meeting of some of the shareholders of the ranch company on November 19, 1957, was not a properly noticed, called or held meeting of such shareholders; that the only plan of dissolution or liquidation of the ranch company's assets which was considered by any of the shareholders was one which it was understood by them required the consent to and joinder in by all the shareholders to the creation of a trust, and that such plan was never adopted by the shareholders, either at a validly noticed, called and held meeting, or otherwise, since the consent of all the shareholders to the creation of a trust and the unanimous designation of trustees by the shareholders was never obtained; that the ranch company, its officers, directors, employees, and agents were under a duty to permit plaintiffs and the interveners, or any of them, to inspect all the company's books and records as provided by the Corporations Code. The court adjudged that the defendant ranch company should pay counsel appearing in this action specified amounts as reasonable compensation for legal services rendered in preparing, filing, prosecuting, defending or intervening in the action up to and including the entry of the judgment.

The appellant trustees' basic contention is that the corporation made a valid transfer of its assets to the trustees since the notice of the November 19, 1957, meeting was proper,

and the meeting itself was thus valid and the plan of dissolution was consented to by all of the shareholders. Supporting this argument, appellants point to certain findings which reveal that the notice of the shareholders' meeting did not disclose the hour that meeting was scheduled for, and while admitting that Corporations Code, section 2207, requires that the hour is essential to a valid notice contend that attendance and participation in a meeting by the stockholders of a corporation is a waiver of any objection of the regularity to the call of the meeting. In urging this position appellants cite *Guaranty Loan Co.* v. *Fontanel,* 183 Cal. 1 [190 P. 177] wherein they contend that attendance and participation by all except three stockholders was held on the facts to be a waiver of any objection, and then point to a specific finding which states that the only shareholders absent from the meeting were Catherine E. Grant and Teresa Hartman, thus inferring that the absence of these two shareholders did not invalidate the meeting.

The cited case *Guaranty Loan Co.* v. *Fontanel, supra,* does not support any such inference. In that case it appears that three shareholders of record were absent from the meeting, but it further appears that these persons were not the beneficial owners of the stock, all such beneficial owners being present at the meeting, and the beneficial owners were not record owners only because of the refusal of the corporate secretary to effectuate the transfer on the corporation's books. In the opinion the court treated these beneficial owners as though they were stockholders of record and therefore, in effect, found that all of the shareholders were present.

Appellant trustees also contend that many of the shareholders, including those not present at the beginning of the meeting turned over their stock certificates to counsel for the corporation. This assertion is sought to be supported by a holding of the trial court "[t]hat the defendant corporation and/or its officers . . . are under a duty to forthwith return to all the shareholders of the Hartman Ranch Company the stock certificates representing the interests of the various shareholders in the Hartman Ranch Company." Appellants seek to support their position that all shares were turned over by singling out the words "all the shareholders" as a finding that Catherine and Teresa were included within such holding. However, it appears in the transcript that the court found that "[i]n the course of seeking to obtain the consents of all the shareholders to the proposed plan . . . some but

not all of the shareholders physically turned over to . . ." the corporation's counsel their stock certificates in the corporation. This shows some conflict, but not enough to obscure the clear finding that not all of the stock was turned over to the corporation's counsel, and that the court was only ordering the return of stock to those shareholders who had so turned over their stock certificates.

The notice of the meeting of November 19, 1957, was defective under Corporations Code, section 2207, in that it failed to specify the hour of the meeting. (See also *San Buenaventura Com. Min. & Mfg. Co.* v. *Vassault* (1875), 50 Cal. 534.) The meeting at which the transfer of the corporation's property was discussed was therefore not a valid meeting, and since the plan of dissolution contemplated that all of the stock would be turned in, and the required consents to the plan of dissolution obtained, no plan of dissolution was ever adopted since such consents were not obtained nor were all of the shares turned in by all of the shareholders.

This is a judgment roll appeal and this court must presume that the evidence supports the findings. (*Hunt* v. *Plavsa*, 103 Cal.App.2d 222 [229 P.2d 482].)

Certain deeds purporting to transfer the property of the corporation to the appellant trustees were void because such deeds were never authorized by the corporation, since the findings show that those deeds were only to be executed and delivered pursuant to a plan of dissolution, to become effective only after being approved by all the stockholders. It appears that certain of these deeds were erroneously recorded, but the court found that neither of these deeds was ever turned over or delivered to the individuals, or any of them, who were named as grantees therein.

Appellants' other assertions of error in the principal findings and conclusions of the trial court fail to find support in the judgment roll, and the presumption of regularity attending such appeal above set forth disposes of these other contentions.

The appellant trustees complain of the court's action in awarding attorney's fees to the counsel for the various respondents out of the common fund. They cite *Estate of Bullock*, 133 Cal.App.2d 542 [284 P.2d 960] to support their position, thereby impliedly contending that each party must pay his own attorney's fees in a situation such as that before us. The Bullock case shows that the proceedings there were not prosecuted for the benefit of the estate but for the bene-

ficiaries' personal benefit. Here the court impliedly found that all counsel had benefited the corporation, and that their services inured to the benefit of the corporation. The right of recovery of attorney's fees in a litigation such as this is a matter covered at common law and is not covered by statute in this state. (See the article by Professor Henry W. Ballantine in 31 Cal.L.Rev. 515.)    Whether or not attorney's fees shall be allowed is a matter within the sound discretion of the trial court. In *Mann* v. *Superior Court*, 53 Cal.App.2d 272, 281 [127 P.2d 970], support is found for this proposition: ". . . Even if counsel for plaintiff is agreeable to [interveners'] active participation in the case, they nevertheless do not by such participation become entitled to any fee out of any recovery that ensues as a result of the action, unless it be affirmatively shown that their contribution is separate, distinct and of a character which was not, could not or would not have been made by counsel for the original plaintiff. . . . [I]t is only where a distinct contribution towards the recovery of a fund is made that interveners are equitably entitled to have their expenses made a charge upon it." Although this language might appear to support appellants' position, it must be remembered that on a judgment roll appeal where the trial court has allowed interveners' counsel attorney's fees, there is a necessarily implied finding that such counsel's efforts inured to the benefit of the corporation.

The cross-appellant, Alfred Hartman, complains of the allowance of attorney's fees to counsel for defendants, urging that they are in a similar position to counsel for removed trustees. This cross-appeal is without merit since litigants situated as are defendants are entitled to attorney's fees even in a losing cause (*Eggert* v. *Pacific States Sav. & Loan Co.*, 53 Cal.App.2d 554 [127 P.2d 999]; *Dingwell* v. *Seymour*, 91 Cal.App. 483 [267 P. 327]), and the court's discretion to allow such fees is identical with that exercised in allowing respondents' counsel fees, as there is nothing in the transcript which would indicate that the instant defendants improperly or wrongfully defended the trust.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.

The petitions of defendants and appellants for a rehearing were denied July 26, 1961, and their petitions for a hearing by the Supreme Court were denied August 23, 1961.